## R. M. HARKNESS v. THOS. J. DEVINE.

### No. 6339.

**Trespass to Try Title—Description.**—Suit was brought to try title to a tract of land described as patented to Jose de la Garza as assignee, etc., of Nepomaceno Nanez. One of the deeds through which plaintiff deraigned title described the land conveyed "as one-third of a league of land purchased by me of Pumaseno Nanes, being his headright." There was no other evidence to show the identity of the land conveyed by the deed with that described in the patent. *Held*, that the deed did not identify or convey the land in controversy.

ERROR from Frio. Tried below before Hon. D. P. Marr.
The opinion states the case.

*W. T. Meriweather* and *Carter & Bivens*, for plaintiff in error.—This being a suit of trespass to try title, the plaintiff in order to recover was

bound to prove title or prior possession in himself, and having failed to do either it was palpable error in the court to render judgment in his favor.

*Devine & Smith* and *West & McGown,* for defendant in error. — 1. The variance between the description of the land as set out in the petition and the deed to Higginbotham under which defendant in error claimed is immaterial and not of such character as would mislead or surprise the plaintiff in error. McClelland v. Smith, 3 Texas, 11; Smith v. Shinn, 58 Texas, 1; Wiebush v. Patterson, 64 Texas, 53; Taylor v. Merrill, 64 Texas, 494; Barrendo Stock Co. v. Kaiser, 65 Texas, 352.

2. Where the deed to Higginbotham was admitted in evidence without objection, the question of variance could not be raised for first time in the argument to the court. Moffatt v. Sydnor, 13 Texas, 630.

HENRY, ASSOCIATE JUSTICE—This is an action of trespass to try title. The defendant pleaded not guilty and plaintiff recovered judgment for the land. The land in controversy is 5,313,989 square varas, patented to Jose de la Garza as assignee of Nepumaceno Nanez, and is correctly described by metes and bounds in plaintiff's petition.

Plaintiff undertook to deraign title from the grantee, one link in the chain being a deed from the patentee Garza to R. T. Higginbotham, in which the only description of the land conveyed is in these words, to-wit: "One-third of a league of land purchased by me of Pumaseno Nanes, being his headright." The record contains no other evidence helping to identify the land conveyed by this deed as the same land described in the patent and in plaintiff's petition. This deed fails to show that Garza conveyed to Higginbotham the land in controversy, and in the absence of such conveyance plaintiff failed to show title in himself to the land for which he sued.

There being no evidence to sustain the judgment it is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 3, 1889.