Anna Munnink et al. v. Ludwig Jung et al.

No. 77.

**Description in Deed held Insufficient.**—Hewett & Newton owned the west one-fourth of survey number 198, in section 1, on Palo Alto Creek, of one-third league. After the death of Hewett, Newton sold 150 acres off the north end of the Hewett & Newton tract. An attempt to sell the remainder was made by one Williams, administrator of the Hewett estate, and acting under a power from Newton. Williams' deed as administrator and attorney in fact purports to convey "all the right, title, and interest of said estate and of said Newton in and to 320 acres, survey 198, section number 1, on Palo Alto Creek, Gillespie County." The order of sale described the land as "320 acres of land, survey number 198, section number 1, Palo Alto Creek." The order confirming sale describes it as "320 acres in survey number 198, section 1, on Palo Alto Creek." In suit for 291 acres of land out of the southwest corner of the survey 198, *held:*

1. That said deed failed to convey the interest of the Hewett estate in the land sued for. Morris v. Hunt, 51 Texas, 609.

2. Nor did it convey the interest of Newton. It does not appear with reasonable certainty what particular 320 acres of the survey was intended as that out of which his interest was to be conveyed.

Appeal from Gillespie. Tried below before Hon. A. D. McGinnis, Special District Judge.

*Rector, Thomson & Rector*, for appellants.— 1. The court correctly admitted in evidence the supplementary inventory and appraisement in the estate of Ira L. Hewett, the order of sale of the 320 acres out of said survey number 198, section 1, on Palo Alto Creek, in Gillespie County, and the decree confirming sale and directing deed to be made to John C. Jones, the purchaser; and the proceedings were sufficient to support this deed by the administrator of said estate. Cravens v. White, 73 Texas, 578; Kingston v. Pickins, 46 Texas, 102; Ragsdale v. Robinson, 48 Texas, 379; Hughes v. Sandal, 25 Texas, 164; Bullock v. Smith, 72 Texas, 548; Nye v. Moody, 70 Texas, 434; Bitner v. Land Co., 67 Texas, 342.

2. The power of attorney from Newton to Williams, and the deed by said Williams, attorney in fact, was sufficient to pass this title to whatever interest the said Newton still had in said survey. Coker v. Roberts, 71 Texas, 602; Brown v. Chambers, 63 Texas, 133; Wooters v. Arledge, 54 Texas, 396.

*Fisher & Townes*, for appellees.

KEY, Associate Justice.—The evidence in the record shows the following facts:

1. Patent number 150, volume 7, from the State of Texas, dated December 8, 1847, granting to D. C. Gilmore, assignee of Camel Cooper, " one-third of a league of land in Bexar District, known as survey number 198, in section 1, on Palo Alto Creek," giving bounds that comprise the land in controversy.

2. Transcript from the records of the Probate Court of Bexar County, State of Texas, in case of the estate of D. C. Gilmore, deceased, showing due partition, order of sale, report, and confirmation of sale to L. W. Alexander, October 27, 1852, of the one-third of a league of land described in said patent number 150, volume 7, and requiring the executor to execute a deed therefor to said L. W. Alexander.

3. A deed, executed January 19, 1853, by Moses Johnson, executor of D. C. Gilmore, deceased, to L. W. Alexander, for the consideration of $811.80, and conveying to said L. W. Alexander the Camel Cooper one-third league of land as described in said patent number 150, volume 7; said deed having been duly filed for record January 26, 1853, and thereafter recorded in volume 1, pages 428, 429, 430, in the records of deeds of Gillespie County, State of Texas.

4. Power of attorney from L. W. Alexander to A. O. Cooley, authorizing said A. O. Cooley to sell and convey the following land: "All that piece or parcel of land lying and situate on Palo Alto Creek in said county, and known on the map as survey number 198 on said creek, and originally granted to De Witt C. Gilmore as assignee of Camel Cooper, containing one-third of a league, or 1476 acres;" said power of attorney having been executed October 13, 1852, and duly filed for record August 24, 1854, and thereafter recorded in Book F, pages 47 and 48, in the records of deeds of Gillespie County, State of Texas.

5. A general warranty deed, executed January 7, 1857, by L. W. Alexander to A. O. Cooley, attorney in fact, to Julius Brockmann and Charles Brockmann, conveying, for the consideration of $500, to said Julius and Charles Brockmann, 400 acres of land, beginning at southeast corner of survey number 198; thence west 782 varas; thence north 2887 to stake in the north boundary line of said survey 198; thence east 782 varas to the northeast corner of said survey; thence south 2887 varas to the beginning; said deed having been filed for record on the 20th day of August, A. D., 1858, and duly recorded on the 21st day of August, A. D. 1858, in the record of deeds of Gillespie County, State of Texas, in book G, on pages 253, 254, and 255.

6. A general warranty deed, executed December 5, A. D. 1854, by L. W. Alexander, by A. O. Cooley, attorney in fact, to Edmond Moritz, conveying, for the consideration of $125, to said Edmond Moritz 100 acres of land, part of said C. Cooper one-third of a league, patented to D. C. Gilmore as assignee, known as survey number 198, section number 1, on Palo Alto Creek, in Gillespie County, Texas; said 100 acres of land

being 195 varas in width and 2887 varas in length across said survey number 198, west of and adjoining the part thereof sold to Julius and Charles Brockmann; said deed having been filed for record on December 5, A. D. 1854, and duly recorded on December 6, A. D. 1854, in the records of deeds of Gillespie County, Texas, in book F, on page 147.

7. A general warranty deed, executed January 10, A. D. 1856, by L. W. Alexander, by A. O. Cooley, attorney in fact, to Christian Behrends, conveying, for the consideration of $250, to said Christian Behrends 200 acres of land, part of said C. Cooper one-third league, patented to D. C. Gilmore as assignee, known as survey number 198, section number 1, on Palo Alto Creek, in Gillespie County, Texas; said 200 acres of land being 391 varas in width and 2887 varas in length across said survey number 198, west of and adjoining the part thereof sold to Edmond Moritz; said deed having been filed for record January 11, A. D. 1856, and duly recorded January 12, A. D. 1856, in the records of deeds of Gillespie County, Texas, in book F, pages 388 and 389.

8. A general warranty deed, executed August 21, A. D. 1854, by L. W. Alexander, by A. O. Cooley, attorney in fact, to Peter Itz, conveying, for the consideration of $250, to said Peter Itz, "part of survey number 198, situated on Palo Alto Creek, in the county and State last named, containing 200 acres, and bounded as follows: Beginning at a stake in the south boundary line of said survey number 198, 1368⅓ varas west from the southeast corner of that survey; thence west 391 varas to a stake in the south boundary line of said survey set for the southwest corner of this tract; thence north 2887 varas to a stake in the north boundary line of said survey number 198, set for the northwest corner of this tract; thence east 391 varas to a stake in the north boundary line of said survey number 198, 1368⅓ varas west of the northeast corner of said survey, and set for the northeast corner of this tract; thence south 2887 varas to the place of beginning;" said deed having been filed for record August 24, 1854, and duly recorded August 26, 1854, in the records of deeds of Gillespie County, Texas, in book F, pages 48 and 49.

9. A general warranty deed, executed February 4, A. D. 1856, by L. W. Alexander, by A. O. Cooley, attorney in fact, to Peter Itz, conveying, for the consideration of $187.50, to said Peter Itz, "all that tract or parcel of land known by reference to the map as a part of survey number 198, granted to D. C. Gilmore, and situated on Palo Alto Creek, in said county of Gillespie, and bounded as follows, viz.: Beginning at the southwest corner of land heretofore deeded to the said Peter Itz, a stake in the south boundary line of said survey number 198, 1759½ varas west from the southeast corner of said survey; thence west 293 varas; thence north 2887 varas to the north boundary line of said survey number 198; thence east 293 varas to the northwest corner of land now occupied by said Itz; thence south 2887 varas to the place of beginning, and

containing 150 acres;'' said deed having been filed for record February 21, A. D. 1856, and duly recorded February 21, 1856, in the records of deeds of Gillespie County, Texas, in book F, pages 398 and 399.

10. A deed, executed May 10, 1858, by Galen Hodges to I. L. Hewitt and S. G. Newton, as follows, to-wit:

"*State of Texas, County of Bexar.*—Know all men by these presents, that I, Galen Hodges, of the county of Matagorda and State aforesaid, for and in consideration of the sum of $200, to me in hand paid by I. L. Hewitt and S. G. Newton, of the county of Bexar and said State, the receipt whereof is hereby acknowledged, have this day bargained, sold, and conveyed unto them, the said Hewitt and Newton, all that certain undivided one-fourth of one-third of a league of land lying and being situate in the county of Gillespie and State of Texas, known as survey number 198, on Palo Alto Creek, in the said county of Gillespie; beginning at the southwest corner of said survey, from which a blackjack 14 inches in diameter bears north $51\frac{1}{2}°$ west 9 varas, another 7 inches in diameter bears north 6° west 24 varas; thence north 2887 varas to a stake for the northwest corner of the survey, from which a post oak 13 inches in diameter bears south 12° east 14 varas, another 12 inches in diameter bears south 4° west 8 varas; thence east at 370 varas crosses Palo Alto Creek, at 440 varas crosses another creek, at $632\frac{1}{2}$ varas to a point in the north boundary line of this survey; thence south 2887 varas to a point in the south boundary line of this survey; thence west $1443\frac{1}{2}$ varas to the place of beginning: To have and to hold the same, the premises and estates aforesaid, together with all singular the privileges and appurtenances unto the same belonging or in any wise incident or appertaining, unto them, their heirs or assigns, forever. Hereby warranting and defending unto them, the said Hewitt and Newton, their heirs or assigns, forever, against the claim or claims of myself or any other person or persons claiming through, by, or under me, and no further.

" In witness of which, I hereto sign my name and affix my scrawl by way of seal, on this the 10th day of May, A. D. 1858.

" Galen Hodges [scrawl].

" Witness:

" E. S. Hewitt,

"Albert Juch.

" *The State of Texas, County of Bexar.*—Personally appeared before me the undersigned, notary public in and for the county aforesaid, E. S. Hewitt, to me well known, who being by me duly sworn, on oath declared, that he saw Galen Hodges sign, seal, and deliver the foregoing instrument of writing, and heard him declare the same to be his act and deed for the purposes and considerations therein stated; and that he and Albert Juch subscribed their names as witnesses at his request.

"In testimony whereof, I have hereunto signed my name and affixed the impress of my official seal, this 10th day of May, A. D. 1858.

　[L. S.]　　　"G. SCHLEICHER, Notary Public, Bexar County."

The foregoing deed was filed for record May 19, 1858, and duly recorded May 20, 1858, in the records of deeds of Gillespie County, Texas, in book G, on pages 210, 211.

11. Transcript of the records of the Probate Court of Bexar County, Texas, in "cause number 750, estate of Ira L. Hewitt, deceased," as follows:

(1) The order of said court, on the 30th day of August, A. D. 1866, appointing Thomas G. Williams administrator of said estate, and approving his qualification.

(2) Order of said court at its October Term, 1869, of approval of supplemental inventory and appraisement of said estate, said inventory and appraisement comprising (among many tracts of land) "320 acres of land, survey number 198, section number 1, Palo Alto Creek."

(3) Order and decree of said court, ——— Term, A. D. 1869, on motion of said administrator, that all the unsold property of said estate, comprising (among many other tracts of land) "320 acres of land, survey number 198, section number 1, Palo Alto Creek," be sold under the same terms and conditions as the property already sold under former orders of said court, and in accordance with law; and that the administrator make due return of such sales from time to time as the law directs.

(4) Order and decree of said court, December 1, 1869, of confirmation of sale as reported by said administrator of several tracts of land in Bexar, Bandera, and Gillespie counties, including "320 acres in survey number 198, section 1, on Palo Alto Creek," sold to John C. Jones at $64; and that said administrator make title to the purchasers of said lands.

12. Depositions of S. G. Newton, that a partnership existed between Ira L. Hewitt and S. G. Newton in San Antonio, Bexar County, Texas; that there was land situated in Bexar County on December 15 and 17, 1869, belonging jointly to S. G. Newton and the heirs of Ira L. Hewitt that had been acquired by the firm of Hewitt & Newton during the existence of their partnership between 1850 and 1860, and a portion of the land so acquired continued in said firm or the heirs of the members thereof until 1887, when a portion of it was sold by said heirs.

13. Certified copy from the records of Bexar County, Texas, of a power of attorney from S. G. Newton to Thomas G. Williams, as follows:

"*The State of Texas, County of Bexar.*—Know all men by these presents, that I, S. G. Newton, of the county of Bexar, and State of Texas, have this day nominated, and by these presents do nominate, constitute, and appoint Thomas G. Williams, also of said county and State, my true and lawful agent and attorney in fact, for me and in my name to bargain, sell, alienate, and convey by good and sufficient deeds in writing, for the

benefit of the estate of or the heirs and legal representatives of Thomas S. Jones, deceased, all my right, title, and interest in and to any town or city lots or lands which I have and hold in common with the estate of Ira L. Hewitt, deceased, and show to the said Thomas G. Williams, as administrator of the estate of said Hewitt, deceased, sell, convey of said estate at public sale, he shall at the same time, for the purpose aforesaid, and in the same manner, sell my interest therein, and make, execute, and deliver to the purchaser through good and sufficient deed in virtue of my interest confirmed. Hereby ratifying and confirming all the acts and doings of this my said attorney done in the premises, as fully, amply, and completely as if I were personally present and performing the same.

"In testimony whereof, I here sign my name at the city of San Antonio, on the 13th day of August, A. D. 1869.

[U. S. stamps, $1.]                                    "S. G. Newton.

"Witnessed by
     "Thos. J. Devine and
     "H. Mac Commack."

The foregoing power of attorney was acknowledged by said S. G. Newton before Peyton Smythe, county clerk of Bexar County, Texas, December 15, 1869; was filed for record December 15, 1869, and duly recorded December 17, 1869, in the records of deeds of Bexar County, Texas, book V, number 2, pages 243 and 244; and was filed for record August 17, 1885, and duly recorded August 18, 1885, in the records of Gillespie County, Texas, in book S, pages 528 and 529.

14. A deed as follows, to-wit:

"State of Texas, County of Bexar.—Know all men by these presents, that whereas, I, Thomas G. Williams, administrator of the estate of Ira L. Hewitt, deceased, in obedience to an order of the Probate Court of said county, directing the sale of certain property, made at its September Term, 1869, did offer for sale the following described property, belonging to said estate, in front of the court house in the city of San Antonio, within lawful hours, on the first Tuesday in November, it being the second day of said month, I having previously caused advertisements to be posted up in the different counties in which the property lies, in accordance with the law and in obedience to the order of said court, when John C. Jones became the purchaser of the following tracts and lots of land at the prices herein stated, to-wit:" [A number of tracts of land are here described and the prices given, including the following: "320 acres survey 198, section number 1, on Palo Alto Creek, in Gillespie County, for the sum of $64."] "making in all the sum of $1338; and whereas, upon report and application to confirm said sale, the following order of confirmation was made at the November Term of the honorable County Court of Bexar County:

"*Estate of I. L. Hewitt, Thomas G. Williams, Administrator.*—This cause coming on to be heard upon return of sale and motion to confirm the same, and it appearing to the court from an inspection of the record and an examination of the facts, that the sale of property belonging to said estate made on the first Tuesday in November, 1869, it being the 2nd day of said month, was fairly made and in accordance with the order of this court made at its September Term, it is therefore ordered and adjudged that the sale be approved and confirmed, and that the administrator, Thomas G. Williams, make title to the purchasers in accordance with the order of sale heretofore made in this cause; and it appearing to the satisfaction of the court that it would be to the interest of said estate to receive the whole of the purchase money from parties willing to pay the same, it is ordered and decreed that titles be made without condition to all the purchasers willing to pay the entire amount of the purchase money.

" Now therefore, I, Thomas G. Williams, as administrator aforesaid, in consideration of the amount of the purchase money paid by John C. Jones, administrator of the estate of Thomas S. Jones, deceased, I hereby transfer, alienate, and convey unto said John C. Jones, all the right, title, and interest that the estate of Ira L. Hewitt had in and to the above described property; and I, S. G. Newton, acting through my attorney in fact, Thomas G. Williams, in consideration of the sum of $5, to me paid by said Jones, as administrator of the estate of Thomas S. Jones, do alienate and convey unto said Jones for the benefit of said estate all the right, title, and interest I have in and to the above described property.

" Witness our hands, at San Antonio, this 23d day of December, A. D. 1869.

" THOMAS G. WILLIAMS,<br>"Administrator of the Estate of I. L. Hewitt.<br>" S. G. NEWTON,<br>" Per Attorney in Fact, Thos. G. Williams.

" Witnessed by
    " THOS. J. DEVINE,
    " L. COLQUHOUN.

"*The State of Texas, County of Bexar.*—Before me, M. Slocum, county clerk of said county, personally appeared Thomas J. Devine, one of the subscribing witnesses to the hereto attached instrument of writing, to me well known, who being duly sworn, says, that Thomas G. Williams, as administrator of the estate of I. L. Hewitt, deceased, and attorney in fact for S. G. Newton, in his presence signed and delivered the foregoing instrument of writing, and that he declared the same to be his act and deed for the purposes and considerations therein stated; and that he, deponent,

and L. Colquhoun signed the same as witnesses, at the request of said Thomas G. Williams.

"To certify which, I hereunto sign my name and affix the impress of my official seal, at office in San Antonio, this 21st day of March, A. D. 1870.

[L. S.]                                                "M. SLOCUM,
                                "County Clerk Bexar County, Texas."

Which deed was filed for record November 30, 1876, and duly recorded December 1, 1876, in book N, pages 152, 153, 154, and 155, in the records of deeds of Gillespie County, State of Texas.

15. Certified copy of a decree of partition rendered in the District Court of Gonzales County, Texas, November 4, 1876, in the matter of the estate of Thomas S. Jones, deceased, that the title be divested out of the defendants and wholly vested in John C. Jones to the "following real estate situated in Gillespie County, C. Cooper survey number 198, section 1, containing 320 acres, on Palo Alto Creek;" which said decree was filed for record September 10, 1885, and duly recorded September 10, 1885, in the records of Bandera County, Texas, in book H, pages 602, 603, 604, 605, and 606; and also filed for record February 20, 1890, in the office of the county clerk of Gillespie County, Texas. This was objected to by defendant, because it does not identify the land in controversy, which objection was by the court overruled, to which defendant excepted in open court.

16. A warranty deed, executed July 19, 1886, by John C. Jones to Anna Allebracht, by which deed, for the consideration of $500, said John C. Jones conveyed to plaintiff Anna Allebracht 320 acres of land out of one-third of a league of land in the name of C. Cooper, known as survey number 198, section number 1, on Palo Alto Creek, in Gillespie County, Texas; which deed was filed for record July 26, 1886, and duly recorded July 31, 1886, in book number 1, page 107, in the records of deeds of Gillespie County, Texas.

17. Decree rendered by the District Court of Bexar County, Texas, at its October Term, 1856, in cause number 1599, in which Galen Hodges was plaintiff, and U. S. Thomas, administrator de bonis non of the estate of D. C. Gilmore, and L. W. Alexander were defendants, vesting title in said plaintiff to the west half, and in said defendants to the east half of survey number 198, containing one-third of a league of land, situated on Palo Alto Creek in Gillespie County, Texas, patented to D. C. Gilmore as assignee of Camel Cooper.

18. Certified copy from the records of the Probate Court of Matagorda County, Texas, of the last will and testament of Galen Hodges, dated August 9, 1882, and duly probated in said court August 6, 1884, by which all the real and personal property of said Galen Hodges at his death

is devised and bequeathed to Julia Amelia Wadsworth, daughter of said testator, Galen Hodges.

19. Certified copy of the inventory, appraisement, and list of claims, taken from the records of the Probate Court of Matagorda County, Texas, in the matter of the estate of Galen Hodges, deceased; said inventory and appraisement comprising (among other tracts of land) "320 acres land in Gillespie County, part of the C. Cooper headright," and showing the total appraised value of said estate to be $60,377, and total amount of claims against said estate to be $4485.21.

20. Warranty deed, executed April 13, 1886, by William B. Wadsworth and wife, Julia Amelia Wadsworth, to Ludwig Jung, by which deed, for the consideration of $1000, said William B. and Julia Wadsworth conveyed to defendant Ludwig Jung 290 acres of land in Gillespie County, part of survey number 198, granted to D. C. Gilmore, assignee of C. Cooper, by letter patent number 150, volume 7, dated December 8, 1847; which deed was filed for record April 29, 1886, and duly recorded April 30, 1886, in the records of deeds of Gillespie County, Texas, in book I, pages 72 and 73.

21. A deed as follows, to-wit:

"Know all men by these presents, that I, S. G. Newton, surviving partner of the late firm of Hewitt & Newton, of the county of Bexar, and State of Texas, for and in consideration of $209.30, to me paid by Louis Young, have this day sold unto the said Louis Young, of the county of Gillespie and State of Texas, the following described property, to-wit, 150 acres of land on Palo Alto Creek, in Gillespie County, being the northeast part of survey number 198, in section number 1, together with all the rights and appurtenances thereunto belonging or in anywise incident or appertaining.

"To have and to hold the above described property unto the said Young, his heirs, assigns, or legal representatives forever. And I hereby warrant and will forever defend the title to the same against any and all claims lawfully made.

"In testimony whereof, I hereunto sign my name, at San Antonio, this 13th day of July, 1865.

　　　　　　　　　　　　　　　　"S. G. Newton,
　　　　　　　　　"Surviving partner of Hewitt & Newton.

"Witness:

"A. O. Cooley,

"William Looff."

Which deed was filed for record November 18, 1865, and duly recorded November 18, 1865, in the records of deeds of the county of Gillespie, Texas, in book H, pages 372 and 373.

22. It was shown by the testimony of H. R. Biberstein, a surveyor, that there is an excess of 40 to 50 acres in the Camel Cooper one-third

league survey (number 198) on Palo Alto Creek, in Gillespie County; and that deducting the quantity of land sold to Julius and C. Brockmann, Moritz, Behrends, Itz, and the 150 acres sold by S. G. Newton to Jung, from the quantity of land actually contained in the original survey, leaves from 291 to 293 acres.

23. It was shown by the evidence of A. O. Cooley that said J. and C. Brockmann, E. Moritz, C. Behrends, and P. Itz bought their respective tracts of land and paid for them the amounts stated in their deeds, and took possession thereof prior to the partition between Galen Hodges and D. C. Gilmore, and that they each purchased without notice of the rights of Galen Hodges.

*Opinion.*—This is an action of trespass to try title. Appellants, as husband and wife, were plaintiffs in the court below, and claimed the land as the property of appellant Anna Munnink.

The land sued for is about 291 acres in Gillespie County, Texas, part of a third of a league survey, patented to D. C Gilmore, assignee of Camel Cooper, and is described by metes and bounds in appellants' petition as follows: "Beginning at the southwest corner of said survey number 198, thence north 1911 varas to the south boundary line of said Ludwig Jung's said 150 acres of land; thence east 867 varas to the southwest corner of said Ludwig Jung's 150 acres tract; thence south 1911 varas to the south boundary line of said survey number 198; and thence west 867 varas to the place of beginning." The Camel Cooper survey is designated as number 198 in section 1, on Palo Alto Creek, and it was patented in 1847 to D. C. Gilmore, as assignee of Camel Cooper. In 1856 Galen Hodges obtained a judgment in the District Court of Bexar County, against L. W. Alexander and the estate of D. C. Gilmore, vesting title in Hodges to the west half of said survey; and in May, 1858, Hodges conveyed the west half of his half of the survey to Ira L. Hewitt and S. G. Newton.

Appellants claim under a deed executed by Thomas G. Williams, as administrator of the estate of Ira L. Hewitt, and by S. G. Newton by his attorney in fact Thomas G. Williams.

The order of the Probate Court under which the sale was made describes the land as "320 acres of land, survey number 198, section number 1, Palo Alto Creek." The inventory gives precisely the same description.

The order of the court confirming the sale describes it as "320 acres in survey number 198, section 1, on Palo Alto Creek."

The deed executed by Thomas G. Williams, as administrator of the estate of Ira L. Hewitt and attorney in fact for S. G. Newton, purports to convey "all the right, title, and interest" of said estate and of said S.

G. Newton in and to " 320 acres, survey 198, section number 1, on Palo Alto Creek, in Gillespie County."

That this deed, aided by all the probate orders found in the record, did not convey the interest in the land sued for which belonged to the estate of Hewitt, is well settled. Norris v. Hunt, 51 Texas, 609. And while the same certainty of description is not required in conveyances voluntarily executed by the owner of property that is necessary to pass title under a judicial sale, still we do not think that this deed, aided, as it legitimately may be, by all the pertinent testimony in the record, conveyed Newton's interest in the land described in appellant's petition and sued for herein. It does not purport to convey Newton's interest in the original survey, nor an undivided interest of 320 or any other number of acres therein; but attempts to convey his " right, title, and interest" in an undesignated and undescribed 320 acres.

The record does not show, even if such showing would suffice, that Newton, at the time the deed was executed, owned or claimed an interest in exactly 320 acres of the original survey. In fact, the record shows that prior to that time, acting as surviving partner of the firm of Hewitt & Newton, he had sold and conveyed 150 acres of the Camel Cooper survey, and though the description given in the deed locates it in the northeast corner, the intention was to convey that number of acres in the northwest corner, part of the 369 acres conveyed by Galen Hodges to Hewitt & Newton. If the original survey contained only 320 acres, then it might be held that the intention was to convey all Newton's interest in the survey. But, considering all the facts disclosed by the record, and the description given in the deed under consideration, it does not appear with reasonable certainty what particular 320 acres of the survey he intended to convey his interest in. Dev. on Deeds, sec. 1013.

The fact that the court rendered judgment for appellee Ludwig Jung for 150 acres of land in the northwest corner of the survey affords appellants no ground of complaint. They alleged in their petition that said Jung owned this 150 acres.

If the court improperly excluded the evidence offered to explain the deed from John C. Jones to appellant Anna Munnink, the error is harmless. No such testimony was offered to aid the deed from Hewitt's estate and S. G. Newton; and if the excluded testimony had been admitted, appellants' title would still have been incomplete.

We find no reversible error in the record, and affirm the judgment.

*Affirmed.*

Delivered May 10, 1893.