## DAVIS et al. v. KIRBY LUMBER CORPORATION et al.

### No. 3950.

Court of Civil Appeals of Texas. Beaumont.

Jan. 22, 1942.

Rehearing Denied Feb. 11, 1942.

Manry & Cochran, of Livingston, and Fouts, Amerman & Moore, C. F. Stevens, O'Brien Stevens, A. T. Carleton, and Fulbright, Crooker, Freeman & Bates, all of Houston, for appellants.

V. A. Collins, M. M. Feagin, R. H. Jones, and Campbell & Foreman, all of Livingston, and Platt, West & Stevenson, Fountain, Cox & Sandlin, and S. E. Wilcox, Jr., all of Houston, for appellee.

WALKER, Chief Justice.

This is an action in trespass to try title by appellants, Clark Davis et al., plaintiffs below, against appellees, Kirby Lumber Corporation et al., defendants below. Judgment was against appellants and in favor of appellees on an instructed verdict, from which this appeal was regularly prosecuted.

The land in controversy lies in the northwest corner of a tract of 1060 acres, which extends across the north end of the P. A. Sublett Survey, in Polk County. John F. Carr, the common source, in 1873 acquired title to a tract of 1210 acres on the Sublett Survey, including the 1060 acres referred to above, by deed recorded in Vol. O, pages 209–212, deed records of Polk County; this

was all the land owned by Carr on the Sublett Survey. On the 28th day of September, 1889, Carr sold and conveyed a tract of 790 acres out of his 1210 acres on the Sublett Survey, leaving him on that survey 420 acres in two tracts, (a) tract No. 1, the land in controversy, described as containing 271 acres, and (b) tract No. 2, containing 150 acres immediately south of the southwest corner of the tract of 1060 acres, which tract is not in controversy. Up to 1889, Carr rendered for taxes 1210 acres on the Sublett Survey; subsequently he rendered 421 acres.

On the 7th day of October, 1891, Carr, on a valuable consideration, conveyed by deed in writing 270 acres, the land in controversy, to A. H. Beazley, which deed was first filed for record in the deed records of San Jacinto county, but not in the records of Polk County until the 28th day of February, 1901. Appellees hold through a regular chain of title from and under the common source, through A. H. Beazley.

On the 5th day of October, 1891, two days before Carr, the common source, conveyed the land in controversy to Beazley, the J. S. Brown Hardware Company instituted its suit in district court of Galveston County against Carr and D. S. Chandler. Writ of attachment was issued in that suit on the 20th day of November, 1891, and on the writ of attachment the sheriff of Polk County made the following return: "Came to hand Nov 21st 1891 at 8 o'clock P m and executed same day by attaching the following described Real Estate the property of Defendants John F. Carr and D. S. Chandler, the following described lands * * * the property of John F. Carr situated in Polk County * * * Abstract No. 71; number of acres 421; original grantee, P. A. Sublett; book and page where recorded, O 209,-212; * * * The above described property is the same rendered by defendants for Taxation to the assessor of Taxes of Polk County for the year 1891."

Judgment was entered in the suit against Carr on the 9th day of December, 1891, foreclosing the attachment lien on the attached property, and J. S. Brown Hardware Company purchased at the foreclosure sale all the attached property, more than thirteen thousand acres, at less than one cent per acre. Appellants claim under the common source, through the sheriff's deed to J. S. Brown Hardware Company.

The verdict in the lower court was instructed in favor of appellees on the court's conclusion that the description of the land in controversy, as given in the sheriff's return on the writ of attachment in the suit of J. S. Brown Hardware Co. v. Carr & Chandler, was void.

To pass title under attachment proceedings, the description of the land, as given in the sheriff's return on the writ of attachment, must be as clear and definite and certain as the description in a deed. In order to pass title by a deed the description must identify the land conveyed with reasonable certainty—that, in order to meet the requirements of the statute of frauds, Art. 3995, R.C.S.1925; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703. The land must be identified by the description given to it in the deed. Chinoweth v. Haskell's Lessee, 3 Pet. 92, 7 L.Ed. 614; 14 Tex.Jur. 987. The terms of the deed control it. Hanks v. Hamman, Tex.Com.App., 288 S.W. 143. The deed itself need not contain all the identifying descriptive matter, but if other deeds or descriptive matter be brought into the deed, the reference to them must be made with certainty, and nothing can be left to doubtful inference. Linney v. Wood, 66 Tex. 22, 28, 17 S.W. 244. In Sellers v. Texas Central R. Co., 81 Tex. 458, 17 S.W. 32, 13 L.R.A. 657, our Supreme Court said: "Every conveyance should contain 'the certainty of the thing granted to the full extent of the grant.'" The exact import of this proposition is that the description, as given in the deed, must be definite and certain upon the face of the deed, or made definite and certain by the other writings or descriptive matter referred to, 14 Tex.Jur. 987, and the extrinsic evidence resorted to in aid of the description in the deed must be found in the deed itself, and it must not conflict with the description given in the deed. 14 Tex.Jur. 952; 17 Tex.Jur. 888. Where the description in the deed must be supplemented by extrinsic evidence, the key to the extrinsic evidence—the "nucleus of description"—must be found within the four corners of the deed, and any evidence not consistent with the nucleus of description cannot be received in aid of the description. Continental Supply Co. v. Missouri, K. & T. R. Co., Tex. Com.App., 268 S.W. 444; Carter & Bro. v. Ewers, 133 Tex. 616, 131 S.W.2d 86, 123 A. L.R. 908.

The following cases illustrate the strictness with which our courts construe descriptive matter referred to in deeds to identify the land conveyed. The description of the royalty interest in issue in Smith v. Sorelle, supra, was of 100 acres out of

Blocks 8 and 9 of a subdivision of the Pineda Survey, Patented to Adolphus Stern, Patent 608, three miles north of Gladewater, Texas. The description was complete as to the survey, its patent number and location, but was incomplete as to what particular 100 acres in Blocks 8 and 9 was conveyed. It was 100 acres out of Blocks 8 and 9. The balance of the description, furnishing an additional key, was, said land "being * * * under an oil and gas lease originally executed in favor of W. M. Worley." [126 Tex. 353, 87 S.W.2d 704]. As a matter of fact, as said by the Supreme Court, "No such document as a lease to W. M. Worley existed." There was in evidence a lease by the Smiths, the grantors, to H. F. Worley describing 100 acres in Blocks 8 and 9, and such lease was tendered in evidence as identifying the 100 acres referred to in the deed, because the lease by Smith and wife, the grantors, covered 100 acres of land in Blocks 8 and 9 of the Jose Maria Pineda Survey patented to Adolphus Stern and was three miles north of Gladewater. Our Supreme Court, reversing the Court of Civil Appeals, held that the deed was void for lack of sufficient description and could not be aided by the description in the lease by Smith to H. F. Worley when the deed referred to a lease of Smith to W. M. Worley. In the deed in issue in Rountree v. Thompson, 30 Tex.Civ.App. 595, 71 S.W. 574, 575, a deed was referred to, dated the 20th day of March, 1850, from Rezin Byrn to the administratrix of Richard F. Royall's estate; in aid of the description the court excluded a deed from Rezin Byrn to the administratrix of Richard Royall's estate, dated the 13th day of March, 1850. Harkness v. Devine, 73 Tex. 628, 11 S.W. 872, involved the construction of a deed wherein one Jose de la Garza conveyed to R. T. Higginbotham land described as "one-third of a league of land purchased by me of Pomeseno Nanez, being his head-right." The land in suit was patented to "José de la Garza as assignee of Nepomaceno Nanez" and described by metes and bounds. The Supreme Court held that the deed from Garza to Higginbotham which conveyed land described as a one-third of league only by reference to that being purchased "by me of Pomeseno Nanez, being his head-right," could not be aided by metes and bounds description in land patented to "Jose de la Garza as assignee of Nepomaceno Nanez." In Munnink v. Jung, 3 Tex.Civ.App. 395, 22 S.W. 293, 296, Survey 198, Sec. 1, contained 640 acres. The de-

scription in a deed read "all the right, title, and interest" in "320 acres survey 198, section No. 1, on Palo Alto creek in Gillespie county," followed by the words "do alienate and convey unto said Jones" (grantee) "all the right, title, and interest I have in and to the above-described property," was not sufficient to admit verbal testimony as to the identity of the 320 acres nor was parol evidence admissible to show that the words "above-described property" referred to all grantors' interest in Survey No. 198, Section 1, on Palo Alto creek in Gillespie county, in that said section contained 640 acres; it being held that the reference was too uncertain to pass title to property. To have held otherwise would permit the meaning of the reference to be determined by verbal testimony, thereby making the land conveyed depend on verbal testimony. In Powers v. Minor, 87 Tex. 83, 26 S.W. 1071, 1072, there was a deed in issue from Cook to Herndon, of date, January 16, 1868, referring to the land as being the "headright" of John H. Walker, the reference to the headright being for a more particular description of the land conveyed. The deed of January 30, 1868, referred to the land as being "the bounty grant" made to John H. Walker. Our Supreme Court said, "the grant of a headright would not convey a bounty survey." The importance of the decision in Brittain v. Dickson, Tex.Civ.App., 60 S.W. 2d 1093, lies in the fact that the court holds that a description that the land is in the Outlaw survey makes it void as to lands intended by the parties to be conveyed, but situated in the McCurry headright survey. The reference to the Outlaw survey was in error. There was no other identifying description such as to place the survey on the ground in the McCurry survey. In Stier v. Latreyte, Tex.Civ.App., 50 S.W. 589, the court held that a reference for description to a 50 acre tract sold by C. M. Allen to Puls & Grota could not be aided by a description in a title bond executed by Allen to Puls & Grota. In Carter & Bro. v. Ewers, supra [133 Tex. 616, 131 S.W.2d 87, 123 A.L.R. 908], the court held that the language, "an undivided interest" could not be construed to mean "our undivided interest."

■ Now, when construed in the light of the principles announced by the cases reviewed above, we cannot escape the conclusion that the description of the land, as given in the sheriff's return on the writ of attachment, was void, on the following analysis. The land was attached as the property

of John F. Carr. At the time the attachment was levied, Carr had sold the property, and there was no explanatory statement such as "as shown by the deed records of Polk county." The description "book and page where recorded" does not identify the book but leaves open the inquiry whether it was the deed records, deed of trust records, attachment lien records, etc.; nor does it state to what county the book belongs. The evidence was to the effect that a part of the Sublett Survey was in Liberty county, and Carr's deed to Beazley had been recorded in San Jacinto county. The return is to the effect that the sheriff had levied on 421 acres; if reference is made to Book O, pages 209–212, deed records of Polk county, then not 421 acres but a tract of 1210 acres is described. The sheriff made no statement that he was attaching the land described in the deed recorded in Book O, pages 209–212, less 790 acres previously sold by Carr, thereby falling within the doctrine of McCardell v. Lea, 111 Tex. 380, 235 S.W. 518, nor that it was all the land owned by Carr on the Sublett Survey. This description, standing alone, was of an undesignated part of a large tract, and therefore void. Continental Supply Co. v. Missouri, K. & T. R. Co., Tex.Com.App., 268 S.W. 444. The sheriff further described the property attached as being the same rendered by "defendants"—Carr & Chandler—for taxation to the assessor of taxes of Polk county for the year 1891. This reference was to a joint rendition by the defendants, and "Carr & Chandler" did not make the rendition, but the rendition was by Carr. On the face of the records of Polk county, Carr at one time owned 1210 acres on the Sublett Survey but before the suit was filed against him by J. S. Brown Hardware Company he had sold 790 acres, leaving only 420 acres; the sheriff referred to his interest as being 421 acres. Appellants concede that the levy on an undivided interest of 421 acres in the Sublett Survey would be void, citing Smith v. Sorelle, supra. Since the extrinsic matters referred to cannot aid the general description of 421 acres out of the Sublett Survey, it follows that the description, as given by the Sheriff in his return on the writ of attachment, was void.

While not material on the legal sufficiency of the description, the price of less than one cent per acre, paid by the purchaser at the foreclosure sale, emphasizes the reason of the rule requiring a strict construction of extraneous reference in a deed, in aid of the description of the land conveyed. Pfeiffer Co. v. Lindsay, 66 Tex. 123, 1 S.W. 264.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.