**PICK v. CARROLL et al.**

No. 3069.

Court of Civil Appeals of Texas.
Waco.

Feb. 5, 1953.

Rehearing Denied March 26, 1953.

———◆———

Brown & Dickie, Gatesville, for appellant.

Tom R. Mears, Gatesville, for appellees.

McDONALD, Chief Justice.

This appeal is from the District Court of Coryell County. Appellant filed a Tres-

pass to Try Title suit against Appellees, Tommie Edmondson, Arnold Howard, Zack Carroll and wife Jewel Carroll, and June Carroll, for title and possession to 285 acres of land in Coryell County; and for reasonable rental value of the land. All appellees were tenants except June Carroll who was the only appellee claiming any ownership in the property.

The parties agreed that either might read instruments affecting *common source* of title from the record without filing certified copies. Trial was to a jury.

Appellant traced title from common source into Jonc Edmondson during the time he was married to Appellant; then introduced in evidence the following:

1) A divorce decree between Jonc Edmondson and Appellant dated 1943. which recited, "that property rights have been adjusted out of court".

2) A deed from Jonc Edmondson to Tommie Edmondson (son of Jonc Edmondson and appellant).

3) A quit claim deed from Appellant to Tommie Edmondson dated 6 February 1950.

4) A deed dated 30 March 1950 from Tommie Edmondson to June Carroll.

5) A Deed of Trust from June Carroll to the Kansas City Life Insurance Company to secure a loan of $2500.00.

6) A Release to June Carroll from Kansas City Life Insurance Company.

All the above except Number 1 adequately describe the 285 acres.

Appellant then offered in evidence the Judgment in *Cause 6002* as follows:

"No. 6002

| | |
|---|---|
| June Carroll | In the District Court, |
| v. | Coryell County, Tex- |
| Mrs. Willie Mae | as State of Texas |
| Pick and Husband | |
| Charlie Pick. | |

1. Whereas the parties in the above entitled and numbered cause appeared before me in person and with their attorneys on the 22nd day of January 1951, and agreed to submit the matter in controversy, as well of fact as of law, to the Court, and the Court having heard the evidence, pleadings and argument of counsel, did on the 22nd day of January 1951, in open court render judgment that the plaintiff take nothing by his suit, and did in open court grant judgment in favor of the defendants, Mrs. Willie Mae Pick and husband Charlie Pick.

2. It is therefore ordered, adjudged and decreed that the plaintiff, June Carroll, take nothing by his suit against the defendants, and that they go hence without day and recover their costs of the plaintiff, and that the officers of this court shall have execution against plaintiff for same. To which judgment of the Court the plaintiff, in open court, excepted and gave notice of appeal herein to the Court of Civil Appeals for the 10th Supreme Judicial District at Waco, Texas.

3. And the plaintiff in opening court having requested this court orally to make findings of fact, and conclusions of law in said suit, finds as follows:

### Findings of Fact in Said Cause

4. That the plaintiff in this cause of action, June Carroll, purchased the land in controversy from Tommie Edmondson, being the same lands described in plaintiff's petition; that the plaintiff June Carroll sought a loan on said lands from the Kansas City Life Insurance Company; that the plaintiff was appraised of the fact that the said Mrs. Willie Mae Pick owned an interest in the lands by virtue of being the surviving wife of Jonc Edmondson, deceased, although they had been divorced prior to his death, there being no division made of the community property between them, at the time of divorce; and after the plaintiff had knowledge of the interest owned by Mrs. Willie Mae Pick, he accompanied the said Tommie Edmondson to Palmetto, Florida, and participated in the representations made by the said Tommie Edmondson to induce his, the said Tommie Edmondson's mother, to sign a quitclaim deed from her, wherein it was represented to the said defendant, that a loan was to be procured on said

lands for the improvement of the property whereby a home might be provided for the sisters of Tommie Edmondson, and daughters of this defendant; that this plaintiff joined in said representations and urged the defendant to sign said quitclaim deed, and at no time appraised this defendant that he has purchased said land from the said Tommie Edmondson and that his real purpose and interest in said transaction was to perfect his title to said lands.

5. I further find as a matter of fact that the defendant repudiated said quitclaim deed immediately upon being appraised that the said Tommie Edmondson had sold said lands to this plaintiff.

6. I further find as a matter of fact that the said plaintiff in this cause did not at any time appraise the defendant that he had purchased said lands from the said Tommie Edmondson, and that he was seeking to perfect the title to said lands.

7. I find as a matter of fact that the plaintiff sought a loan from the Kansas City Life Insurance Company on said lands for the purpose of paying off all the purchase money to Tommie Edmondson, and that the defendant notified the Kansas City Life Insurance Company that she repudiated said deed that she had given in the presence of the plaintiff, and with his active participation to the said Tommie Edmondson, and that this plaintiff had notice of the Defendants' repudiation of same.

Conclusions of Law

8. The plaintiff having participated in the fraudulent representations made to the defendant in order to obtain the quitclaim from her, he should not be allowed to clear his title by virtue of his fraudulent participation in same; that the plaintiff herein was not an innocent purchaser for value; that the defendant has an interest in said lands.

&ast; &ast; &ast; &ast; &ast; &ast;

Entered both as to decree and findings of fact and conclusions of law as of this the 21st day of March, 1951.

R. B. Cross, District Judge."

Only the caption and paragraphs numbered 1 and 2 were admitted in evidence.

An issue was submitted to the jury on the rental value of the property and by them answered. The trial court held: 1) The jury's finding was immaterial. 2) That no description of the property, if any, was in the portion of the judgment in Cause 6002 admitted in evidence which might connect it with the land in controversy in this case. 3) That if the *entire* judgment in Cause 6002 had been in evidence, the description of the lands, if any, involved in that case could not be identified by reference, with certainty, as the same lands in controversy in this case.

Motions for new trial were overruled and appellant appeals.

Appellant seeks reversal on 3 points, the contentions contained in which present 3 basic questions for determination by this court:

1) Was it error for the trial court to exclude the "findings of fact and conclusions of law"? If question 1 be answered *"Yes"*, then, 2) Would the references therein contained be such as to identify the land in Cause 6002 as the same land as is in controversy in this case? 3) Did the trial court err in not taking judicial notice of all of the proceedings in Cause 6002?

■ It is settled in Texas that the "statements of fact and conclusions of law" may be introduced in evidence to identify land not described in the judgment, 25 Tex.Jur. 452–453, and that the judgment roll is admissible for the purpose of explanation or interpretation of the judgment but not to contradict it. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564.

■ We hold that under the authorities cited, the trial court erred in excluding from evidence the "findings of fact and conclusions of law" portion of the judgment in Cause 6002.

The next question is: Do the references in the "findings of fact and conclusions of law" to instruments in evidence in this case, identify the land in controversy with certainty, as the same land as is in controversy in the case at bar?

■ The office of description in a judgment is to furnish the means of identification of the land and the description must be so definite upon the face of the instrument, or in some *writing* referred to that the land can be identified with reasonable certainty. Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848. While the instrument itself need not contain all the identifying descriptive matter—if other descriptive matter be brought into the instrument, the reference to them must be made with certainty, and nothing can be left to doubtful inference. It is the law in Texas that the reference must be made with certainty; it must be clear, apparent, and unmistakable, it must leave nothing to speculation or doubtful inference. Our courts have been exceedingly strict in construing descriptive matter referred to in deeds or judgments to identify land. "To have held otherwise would permit the meaning of the reference to be determined by verbal testimony, thereby making the land conveyed depend on verbal testimony." Davis v. Kirby Lumber Corp., Tex.Civ.App., 158 S.W. 2d 888, 890.

■ The only *references* in the "findings of fact and conclusions of law", which could possibly refer to writings which could identify the land in Cause 6002 as the same land in controversy in the case at bar, and the only passages which appellant claims make such references are:

1) "June Carroll purchased the land in controversy from Tommie Edmondson".

This passage refers to no *writing* or *instrument*. It merely recites the fact that Carroll purchased a piece of land from Edmondson. It states nothing more. It would require extrinsic evidence to show that *a deed* was given, or to show that *a deed* in evidence in this case was *the deed* given by Edmondson to Carroll in consummation of the purchase mentioned. We

hold that the above statement does not meet the test laid down in the authorities cited, hence can avail appellant nothing.

2) "June Carroll sought a loan from Kansas City Life Insurance Company * * *."

Again this statement refers to no *writing*. It recites a fact. The fact that a Deed of Trust from Carroll to the Kansas City Life Insurance Company is in evidence in this case proves nothing of itself. Extrinsic evidence would again be required to show that the Deed of Trust in evidence was the result of *this attempt* by Carroll, referred to above, *to borrow money* from the Kansas City Life Insurance Company. Hence, this *reference* is not to a *writing* and avails appellant nothing.

3) "That the plaintiff was appraised of the fact that Mrs. Willie Mae Pick owned an interest in the lands * * *. That after plaintiff had knowledge of interest owned by Mrs. Willie Mae Pick he accompanied Tommie Edmondson to induce his mother to sign a quit claim deed from her."

Here we have a *reference* to a writing or instrument in evidence. Still we do not know that the "quit claim deed" in evidence is the *self same identical* "quit claim deed" above referred to. We are given no volume and page where same may be found; we are given no date of execution of same. No other positive information which would tie the quit claim deed down as being *the one referred to and none other*, is contained in the reference. Here extrinsic evidence would be necessary to identify *for certain*, and to take out of the category of *doubtful inference*, the quit claim deed in evidence in this case as being the quit claim deed referred to above.

Applying the rules laid down it is our conclusion that the references in the findings of fact and conclusions of law to instruments in evidence in this case do not identify the land in Cause 6002 with such certainty and positiveness as our law requires as the same land that is in controversy in this case.

■ We overrule appellant's point as to judicial notice. While it *may* have been

permissible for the trial court to have taken the judicial notice contended, such was *not* mandatory, and we hold that such action by the trial court was not error under the fact situation here presented.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

Rehearing denied.

HALE, Justice (concurring).

I concur in the view that appellant's Motion for Rehearing should be overruled because it appears to me that the judgment here appealed from should be affirmed, regardless of whether the land involved in this suit is or is not the same land which was involved in Cause No. 6002. Unless the judgment in the former suit constitutes a valid muniment of title in favor of appellant to the land there in controversy, then she has wholly failed to show that she is the owner of the land for which she sues in this cause or that she is entitled to the relief which she seeks herein.

■ In my opinion, this court cannot properly say from the record before us that the legal effect of the judgment in Cause No. 6002 was to vest title in Mrs. Pick and her husband to any land which might have been involved in that suit. While it is the general rule that a "take nothing" judgment in a formal action of trespass to try title has the effect between the parties of vesting title to the land in controversy in the defendant or defendants in possession thereof, I do not think this court can correctly infer from the record as a whole that Cause No. 6002 was a formal action of trespass to try title or that the effect of the judgment rendered therein was to vest the title and right of possession in appellant to any land which might have been placed in litigation in that suit. None of the pleadings in Cause No. 6002 were introduced in evidence upon the present trial and, in the absence of the pleadings, we cannot know with certainty what issue or issues might have been placed before the court for adjudication in that cause. However, from the findings of fact and conclusions of law embraced in the judgment in that cause, it appears to me that the suit of June Carroll was in all reasonable probability not a formal action of trespass to try title, but was merely a suit to remove a cloud cast upon his title to lands which were then in his possession, such cloud consisting of some kind of defect or claim then being asserted by appellant. It is apparent to me that the trial court did not intend to vest in appellant the title or right of possession in or to all or any part of the land involved in Cause No. 6002 by rendering a "take nothing" judgment against June Carroll in that cause, and I do not think this court can properly give such legal effect to that judgment under the record before us.

■ Although the trial court found in the judgment in Cause No. 6002 that Mrs. Pick owned an interest in the lands involved in that suit, contrary to the recitals contained in the divorce decree between her and Jonc Edmondson which was rendered in 1943, it does not appear from the record now before us that she asserted such interest in that suit or that she made any proof in the present suit that the property rights which might have existed between her and Jonc Edmondson had not been adjusted out of court at the time when the divorce decree was entered. Since Mrs. Pick has had three opportunities to assert and make proof of any community interest, if any, which she might have owned in and to the land involved in this suit, and since she has failed to do so in any of the three separate suits to which she was a party, I see no valid reason why the judgment here appealed from should be reversed and the cause remanded for any further proceedings in so far as she is concerned.

TIREY, Justice (concurring).

I think appellant's motion for rehearing should be overruled for the reasons stated in the concurring opinion by Associate Justice HALE.