W. T. Carter & Brother et al v. J. M. Ewers.

No. 6807.  Decided July 26, 1939.
(131 S. W., 2d Series, 86.)

*J. A. Platt, M. M. Feagin* and *Baker, Botts, Andrews & Wharton,* all of Houston, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the

deed was void for want of description. Curdy v. Stafford, 88 Texas 120, 30 S. W. 551; Deaton v. Hutson, 261 S. W. 165.

*R. H. Jones,* of Livingston, *Grover C. Lowe,* of Woodville and *Chandler & Chandler,* of Stephensville, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a trespass to try title suit. The ultimate question presented here is whether the deed in question is void on account of uncertainty of description of the interest purported to be conveyed in the land described. The deed was executed in July, 1882, by W. D. Ewers and N. M. Ewers to Mollie Pinkard. If valid, the title to the interest purported to be conveyed has passed by mesne conveyance to W. T. Carter & Bro., a partnership, and West Lumber Company, plaintiffs in error, and the trial court correctly rendered judgment in their favor; if invalid, J. M. Ewers, defendant in error, ·is entitled to judgment as rendered in his favor by the Court of Civil Appeals upon original hearing (72 S. W. (2d) 963), unless, as held by that court on rehearing (id. 964), the cause should be remanded for trial of the undetermined issue of limitation pleaded by plaintiffs in error.

The land described in the deed is "an undivided interest in and to a subdivision of 200 acres of a survey in the name of Swiny, situated in the County of Polk, State of Texas."

The description of the 200-acre subdivision is such that if the deed had purported to convey the subdivison itself rather than "an undivided interest" therein, the instrument would not fail as a conveyance on account of uncertainty of description, as was in effect held by the Court of Civil Appeals. It contains no language however indicating the extent of the interest in question, other than that necessitating the conclusion that it is an undivided interest less than the whole in the subdivision described. Whether a half, a fifth or a tenth, or any other certain interest, was intended to be conveyed, is not indicated. It may be added that neither the description above quoted, nor the deed itself, contains any word or words of ownership. It will be observed that the descriptive words employed by the grantors are in themselves indeterminative.

While we are cited to no case of parallel facts decided by the courts of this State and have found none, and the question involved presents some difficulty, it may be determined upon established principles of law with respect to the statutory re-

quirement that a conveyance of land shall be declared in writing. Art. 1288, R. S. 1925.

■ The rule that a description in a deed that is uncertain may be made certain by the aid of extrinsic evidence has no application in the present case for the reason that the words used by the grantors are in themselves indeterminative, *and there is no language in the deed which furnishes a key* whereby extrinsic evidence can make certain the extent of the interest purported to be conveyed. Continental Supply Co. v. Ry. Co., 268 S. W. 444; Hanks v. Hamman (Com. App.), 288 S. W. 143; id (Com. App.) 289 S. W. 993; Stroburg v. Walsh (wr. ref.), 203 S. W. 391; Art. 1288 R. S. 1925.

In the case last cited the court says:

"It has been the recognized law since the day of Lord Bacon that * * * where the terms or subject matter of a written contract do not appear from the face of the instrument, and no reference is made therein to anything else from which the same might be ascertained, no evidence will be admitted to aid in rendering certain that which the contract leaves no doubt," citing Jones v. Carver, 59 Texas 294.

In the Hamman case, (288 S. W. 144) in which the deed describes the property as "undivided interest in a certain part of M. G. W. league of land situated in Liberty County, Texas, same being about two acres and being on the east side of the T. river and about three miles east of the town of L.," without stating in the deed any starting point in aid of which extrinsic evidence could be introduced, Judge Powell says:

"Intentions to convey other tracts than described in the deed will not be enforced as a mere matter of surmise or conjecture. The intention must be derived from the expressions from the terms of the deed itself. Otherwise, you would be conveying land by parol intention and violating the statute of frauds of this State."

It has been already noted that the deed in the present case contains no words of ownership such as it would be necessary to import into the deed in order to render the description certain. Concerning the effect of the absence of words of ownership from the descriptive language of a deed, Tiffany on Real Property, 2 Ed. vol. 2, sec. 447, says:

"And in a number of other cases the court has referred to the fact of ownership by the grantor of particular land as tending to show that the conveyance otherwise lacking in defi-

niteness of description, was intended to apply to that land. But thus to consider the question of the grantor's ownership of property in order to identify a description which makes no reference to ownership apparently involves the insertion by implication in the conveyance of a word or words, as *'my'* or *'belonging to me'* and this would seem to transcend the limits of construction. A conveyance of my tract of land in X county would presumably be sufficiently definite, provided the grantor has only one tract in that county, but a conveyance under the circumstances of a tract of land in X county, might well be differently regarded." (Italics ours).

Curdy v. Stafford, 88 Texas 120, 30 S. W. 551, relied upon by plaintiffs in error, is a case such as is first referred to in the foregoing excerpt. Chief Justice Gaines speaking for the court says:

"An. instrument which purports to convey 'a part' of a certain designated tract of land, but which does not describe that part, is void for uncertainty. But one which purports to convey that part of a certain tract, *which is owned and claimed by the grantor*, is not void upon its face, for it may be shown by extrinsic evidence what particular part the grantor so owned and claimed. So a description of the thing conveyed as the interest had and claimed by the grantor in a part of certain land, is capable of being made certain, because it points out the part conveyed as the part in which the interest is owned and claimed. * * * But even if the description in question admits of the construction that it means Cunningham's interest in an undefined part of the certificate, it may also, without doing violence to the language, be construed to mean the part which he owned and claimed; and that construction should be adopted which would give effect to the conveyance, rather than that which would destroy it. We conclude, therefore, the objection on the ground of uncertainty in the description can not be maintained." (Italics ours).

It is obvious from the language just quoted that the holding of the court is predicated upon the words of ownership contained in the description in the instrument under consideration, which reads:

"All the right, title, and interest which *L. C. Cunningham had and claimed* in and to a part of bounty warranty number 2930, for 1280 acres of land, issued to Robert B. Owens, April 13, 1838, by B. E. Bee, Secretary of War, to have and to hold unto him, the same G. W. Levine, his heirs or assigns, for-

ever, *all the aforesaid right, title, and interest which the said L. C. Cunningham had and claimed* in and to a part of the above described bounty warranty." (Italics ours).

Judge Gaines, it will be noted from the opening sentence of the excerpt, was careful to make clear that but for the words of ownership the deed would have been "void for uncertainty."

Plaintiffs in error contend that it should be presumed that the grantors intended some undivided interest in the tract less than the whole should pass by the conveyance, and that since the indefinite language used in the description was chosen by them, it should be construed most strongly against them; that the language "an undivided interest" so construed means *"our undivided interest,"* or *"all of our* undivided interest"; that the uncertain description is thereby rendered certain by construction.

The indulgence of the suggested presumption cannot supply the necessary words, or change the indefinite "an" to the certain "our." The uncertainty results from the failure of the grantors to state the extent of the interest attempted to be conveyed. To indulge a presumption that they intended to convey *some interest which they owned* would simply add to their language by implication words they did not write into the deed, in an effort to clarify a descriptive phrase that is indeterminative.

Wigmore on Evidence 2 Ed. Vol. 5, sec. 2473, p. 414, says:

"Where the words and phrases of a document are *in themselves indeterminative* (as where a devise is made of 'one of my 7 houses'), * * * the actor has failed to make his selection and his act is incomplete. * * * (and) the document is (in the part in question) ineffective and void for uncertainty."

The author speaking in the same connection (sec. 2476, p. 425) says further:

"The question, then, often arises whether, in a will, a *term may be implied* which would be necessary, and also sufficient, to remove the uncertainty. For example, in a devise of 'a four-story house at No. 19 Cedar Street,' it may appear that the testator owns no house at No. 19, but does own a four- story house at No. 219 on that street; assuming, then, that the house-number is non-essential, the remaining terms are 'a four-story house on Cedar Street'; but this is obviously by its vagueness incapable of application. Now it may be assumed that the testator would not have devised a house not owned

(or believed by him to be owned) by himself; but the fact remains that the terms of a will are merely 'a' four-story house. *Is there, then, any stretch of reasoning by which, though not directly inserting the words 'owned by me,' we may construe the word 'a' 'house' as signifying 'one of mine,' or the like? This is the point of controversy on which many rulings turn; and the general opinion is that no such implication is permissible.* Such rulings, however, do not involve any doubt of the principle 'falsa demonstrationnon nocet'; *they merely decline to imply into the will, for the purpose of being interpreted, words which are not there."* (Italics ours).

While the language of the foregoing excerpt is used by the author with respect to wills, he makes clear in this connection that "the principle has long been recognized without hesitation" as applicable to deeds. See also section 2477.

█ The "penalty rule" the function of which is merely to resolve against him who has chosen the words a doubt between possible meanings after all other rules of construction have failed, cannot properly be invoked in the present case. To apply it in the manner contended for would in effect substitute the words, "an undivided interest which we own," for the words "an undivided interest," used by the grantors. A practical difference in meaning of the original and substituted descriptions becomes obvious when it is considered that the grantors by conveying by several deeds to as many grantees each "an undivided interest," do not thereby necessarily exhaust the interest which they may own; whereas one deed executed by them reciting that they are conveying to a named grantee "an undivided interest owned by us," or "our undivided interest," necessarily exhausts their entire interest. Ragsdale v. May, 65 Texas 255. The rule has no such revisory function.

█ It appears from what has been stated that we are in accord with the conclusion reached by the Court of Civil Appeals that the deed is void for uncertainty of description of the interest purported to be conveyed by the grantors. Since the judgment of the trial court in favor of plaintiffs in error was predicated upon the view that the description was sufficiently certain to pass the title sought to be recovered, the issue of limitation pleaded by plaintiffs in error was not determined. The judgment of the Court of Civil Appeals upon rehearing reversing and remanding the cause is therefore correct, and is affirmed.

The judgment of the trial court is reversed and the cause remanded with instructions upon the question discussed.

Opinion adopted by the Supreme Court July 26, 1939.