KENNEDY et al. v. SHIPP et al.

No. 3879.

Court of Civil Appeals of Texas. El Paso.

Nov. 16, 1939.

Rehearing Denied Dec. 21, 1939.

Noble E. Hendrickson, of Evansville, Ind., for plaintiff in error.

Jones & Jones, of Marshall, for plaintiff in error on rehearing.

Clower & Bezoni, of Tyler, Gordon R. Wellborn and H. H. Wellborn, both of Henderson, Jack Thompson, of Corsicana, and V. W. McDavid, of Henderson (Murph Wilson, of Tyler, of counsel), for defendants in error.

PRICE, Chief Justice.

This is an action in trespass to try title instituted in the District Court of Rusk County, Texas, by defendant in error, L. M. Shipp, against plaintiffs in error, Eugene Kennedy and Burnett Price, and against Maxey Wilson, W. L. Derden Estate and

Will Thompson, defendants in error, and some one hundred and thirty other defendants. The subject matter involved is a one-eighth royalty interest in two tracts of land in Rusk County containing an aggregate of something over 140 acres. The interest in certain moneys derived from this royalty interest is also in question herein.

Plaintiffs in error, Kennedy and Price, together with defendant J. M. Davenport, filed joint answer to defendant in error Shipp's said action. This answer consisted of a general demurrer, a general denial, and plea of not guilty. Plaintiffs in error then set up a cross action as against defendants in error L. M. Shipp, Maxey Wilson, W. L. Derden Estate, and Will Thompson, and against several other defendants in the suit. In such cross action plaintiffs in error Price and Kennedy denominated themselves as cross-plaintiffs and their adversaries as cross-defendants. This answer and cross action was filed on the same date the cause went to trial. Cross-plaintiffs therein claimed title to the 1/14th interest inherited by Naoma Williams in and to the oil and gas and other minerals in and under the lands described in plaintiff's petition subject to an oil and gas lease theretofore owned by Humble Oil & Refining Company and a portion of the undivided 1/14th interest inherited by Esma Ferguson, same being subject to the same oil and gas lease. Cancellation was sought of a certain deed theretofore executed by Naoma Williams to W. A. McLeod, and in the event same was not cancelled, for the reformation thereof. Cancellation was further sought of a certain deed executed by Naoma Williams to R. A. Satterfield of date January 24, 1931, and in the alternative sought the reformation thereof.

Cross-plaintiffs, as to the claimed interest derived by mesne conveyances from Esma Ferguson, set up their alleged title thereto; sought cancellation of a deed executed by Esma Ferguson and husband to R. A. Satterfield; in the alternative for the reformation thereof; sought cancellation or reformation of other deeds executed by Esma Ferguson purporting to convey interest in her undivided interest in and to the oil and gas and other minerals under the described lands; and sought an accounting for oil and gas taken under and by virtue of the lease aforesaid.

Defendants in error L. M. Shipp and Maxey Wilson did not file answer to this cross action, but appeared and participated in the trial of the cause. Defendants in error W. L. Derden Estate and Will Thompson filed answer to said cross action consisting of a general demurrer, special exceptions, plea of not guilty, and a special plea that they were innocent purchasers.

The trial was before the Court. Judgment was announced on June 23, 1938. This judgment decreed the various interests of the parties in the oil and gas under the land described and ordered the distribution of a fund of about $50,000 theretofore paid into court by the owners of the oil and gas lease to which the property was subject. The judgment further decreed that cross-plaintiffs Kennedy and Price, plaintiffs in error here, take nothing by their cross action and recognized no interest in the lands or the minerals thereunder in cross-plaintiffs. The said cross-plaintiffs in due time filed motion for a new trial, which was overruled. Kennedy and Price then filed an appeal bond, but failed to file transcript and statement of facts. Defendants in error here sought to have the cause affirmed on certificate, but this relief was denied. Plaintiffs in error then perfected a writ of error, and the case is here for review.

The statement of facts consists of three volumes, the transcript of over 200 pages. A Master in Chancery was appointed, and there were various exceptions to his report. On motion of the plaintiffs in error the court made up and filed findings of fact and conclusions of law.

As recited in the judgment, the only matter in controversy in the cause was the ownership of the oil, gas and other minerals in, on, under and that have been produced to the ⅛ oil and gas royalty accruing under an oil and gas lease, together with the ownership and value of the royalty oil that has been produced from the land described in plaintiff's petition.

It was agreed on the trial between plaintiffs in error here and defendants in error that Sam Williams, a negro, was the common source of title. The controversy is narrowed here to the respective interests inherited from Sam Williams by Naoma Williams and Esma Ferguson. It is further agreed that Naoma Williams, a negro, inherited an undivided 1/14th interest in the property, that is, a 10.13 acres interest, and Esma Ferguson inherited exactly the same amount of interest. Plaintiffs in error and defendants in error claim

by mesne conveyances the interests asserted here from Naoma Williams and Esma Ferguson. Plaintiffs in error, in substance, first assert that defendants in error L. M. Shipp and Maxey Wilson, appearing and participating in the trial and not filing answer to their cross action, were not entitled to judgment against them. On the other hand, they were entitled to a judgment on the pleadings for the relief sought against said before named defendants in error. Plaintiffs in error never sought from the trial court a judgment nihil dicit. They undertook to prove the allegations of their cross action. The named defendants in error were not cited to answer said cross action and same was filed on the day that the trial of the case opened. It does not appear that leave to file the cross action was obtained. This, we believe, was waived by failure to file motion to have same stricken. The participation of the defendants in error in the trial subsequent to the filing of the cross action constituted, in our opinion, an appearance thereto. Evans v. McNeill, Tex.Civ.App., 41 S.W.2d 268.

■ That plaintiffs in error were entitled to a judgment on the pleadings was not their theory below. The case was tried on the theory that the burden was on the plaintiffs to establish their allegations, and that the defendants in error had at least a right to join issue with them thereon. We think that they are bound here by that theory. See Rawleigh Medical Co. v. Mayberry, Tex.Civ.App., 193 S.W. 199; Shaw v. Whitfield, Tex.Civ.App., 35 S.W.2d 1115; Texas Employers' Ins. Ass'n v. Marsden, 131 Tex. 256, 114 S.W.2d 858.

Let us now take up the disposition of the 1/14th interest in the property vested by inheritance in Naoma Williams. It is to be borne in mind that Naoma inherited a 1/14th interest in the surface and a 1/14th interest in the oil and other minerals underlying the entire land; that same was subject to an oil and gas lease reserving to the lessor and his successors a ⅛ royalty interest. On the 3rd day of January, 1931, Naoma executed conveyance to W. A. McLeod. A determination of the extent of the interest conveyed by this deed will go far to determine a correct solution of this branch of the case. Omitting the caption, the metes and bounds description, and the acknowledgment, the portions of this deed deemed material are here set forth:

"That I, Naoma Williams, of Rusk County, Texas, for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid by W. A. McLeod hereinafter called grantee, the receipt of which is hereby acknowledged, have granted, sold, conveyed, assigned and delivered and by these presents do grant, sell, convey, assign and deliver unto the said grantee an undivided ⅛ interest in and to all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in Rusk County, Texas, to-wit:

"An undivided 1/14th interest in and to all that certain tract or parcel of land situated in Rusk County, Texas, being two tracts of land of the D. Clark Survey in Rusk County, Texas. * * *

"It is the intention of the said Naoma Williams to convey his undivided 1/14th interest in said land or all of the said interest, as it appears in all the lands he owns in Rusk County, Texas.

"Together with the right of ingress and egress at all times for the purpose of mining drilling and exploring said land for oil, gas and other minerals and removing the same therefrom.

"Said land being now under an oil and gas lease, executed in favor of ——— now owned by Humble Co. It is understood and agreed that his sale is made subject to the terms of said lease, but covers and includes ⅛ of all of the oil royalty, and gas rentals or royalty due and to be paid under the terms of said lease insofar as it covers the above described property.

"It is understood and agreed that ⅛ of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said grantee and in event that the above described lease for any reason becomes cancelled or forfeited, then and in that event an undivided ⅛ of the lease interest and all future rentals on said land for oil, gas and other minerals privileges shall be owned by said grantee, owning ⅛ of all oil, gas and other minerals in and under said lands, together with ⅛ of interest in all future rents.

"To have and to hold the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said grantee herein, his heirs and assigns forever; and we do hereby bind ourselves. our heirs, executors and administrators to warrant and forever defend all and singular the said prop-

208

erty unto the said grantee herein, heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand this the 3rd day of January, 1931.

"Naoma Williams."

This deed was filed for record on the ———— day of January, 1931.

The defendants in error claim through mesne conveyances under this deed as to the Naoma Williams's interest. Plaintiffs in error claim under deeds from Naoma Williams subsequent to the execution, delivery and filing for record of the above copied deed.

If this deed is construed in accordance with the contention of defendants in error, unless same is set aside or reformed, this branch of the case was properly decided as to the interest inherited by Naoma Williams. If it were incorrectly construed or set aside or reformed, the plaintiffs in error are vested with some of the interest formerly vested in Naoma Williams.

■ The primary purpose in the construction of the deed is to arrive at the intention of the grantor. The intention in question here is as to the interest conveyed by the deed. If this intention can be determined, the expression of it construes the deed in this respect. Both parties have referred to the cases of Sun Oil Co. v. Burns et al., 125 Tex. 549, 84 S.W.2d 442, and Sun Oil Co. v. Bennett et al., 125 Tex. 540, 84 S.W.2d 447. These two cases, together with the authorities cited, we think aptly and correctly state the principles to be considered in the construction of the deed, and same are in point as to several of the issues herein involved. Without quotations from the opinions, our subsequent construction of the two instruments involved will be based largely on these two cases.

■ There is dealt with here the extent of an undivided interest. All that the instrument purports to convey is an undivided interest. If the amount or extent of the undivided interest sought to be conveyed cannot be determined, the instrument is void and of no effect. W. T. Carter & Bros. v. Ewers, Tex.Com.App., 131 S.W.2d 86, 123 A.L.R. 908, and authorities there cited. The intent must be derived from the instrument itself. In other words, there must be a basis in the terms of the deed for any construction placed thereon, even though extrinsic evidence be admissible to aid in the construction. Carter Bros. v. Ewers, supra.

■ On the other hand, when a deed has been executed in the manner required by law, every presumption should be indulged that some interest thereby passed. Coker v. Roberts, 71 Tex. 597, 9 S.W. 665. The intent is to be arrived at without fine technical or mechanical rules of construction if the intent can be made to appear from the instrument. Technical rules are resorted to only when there is no other means. Sun Oil Co. v. Burns et al., supra, and authorities there cited.

■ At the time of the execution of the deed in question 7/8 of the mineral estate underlying the surface of the land was vested in the owner or owners of the mineral lease. The other 1/8 was vested in the lessor or his successor in title. In this 1/8 reserved interest Naoma Williams had an undivided 1/14th interest. The granting clause purports to convey "an undivided 1/8 interest in and to all of the oil, gas and other minerals in and under * * * an undivided 1/14th interest in and to," etc., then the land is described, and then immediately follows: "It is the intention of said Naoma Williams to convey his undivided 1/14th interest in said land or all of the said interest as it appears in all the lands he owns in Rusk County, Texas." If there was any ambiguity in the preceding parts of the deed, this clause seems to us to make it the express, unmistakable intention that the conveyance includes the entire portion of the royalty interest vested in him. Nor do we think the two other paragraphs in the deed tend to in any way cast doubt on this construction, but rather tend to confirm same.

If our holding is correct that the plaintiffs in error were not entitled to a judgment nihil dicit against defendants in error Shipp and Wilson, there remains one other question on this branch of the case. This question is: whether, under the undisputed evidence, that as against defendants in error Shipp and Wilson plaintiffs in error were entitled to a cancellation or reformation of this deed. The trial court sustained the validity of this deed and refused to reform same.

■ Leaving aside the question of innocent purchaser, the burden was upon plaintiffs in error to establish by a preponderance of the evidence the existence of fraud or mistake. Sun Oil Co. v. Bennett, supra.

To establish this issue plaintiffs in error relied almost entirely on the testimony of Naoma Williams. That witness testified in substance that McLeod, the grantee in the deed, approached him and told him he wanted to buy a little of his royalty; that he meant by that about 1.27 of an acre. Naoma further said he knew he owned something over a 10-acre royalty interest; that McLeod prepared the deed. Further, that he could read, but not very good. He said he looked over the deed a little, but that he did not see what is called here the "intention clause," and same was not explained to him, and that witness did not intend to convey all of his royalty interest, but only about 1.27 of an acre thereof. In regard to the consideration paid, that same was $125; that $25 went to pay for removing his disabilities.

Naoma Williams was the only witness testifying on these points. Opposed to his testimony was the deed itself and the fact that he had an opportunity to read same. The transaction must have consumed some time. It is shown by the record that the date of the removal of his disabilities was September 30, 1930, the date of the deed January 3, 1931. Under his own testimony he had not known McLeod previous to this transaction. He had this interest in the matter: If he knew the legal effect of his deed, his subsequent conveyances would place him in a bad light. In one or more of his subsequent deeds there is a warranty clause upon which he would be liable to the extent of the consideration received.

We think the amount of credit to be given the testimony of this witness was for the trial court, and the action taken thereon was final. Our holding renders it unnecessary to discuss the question in regard to the status of defendants in error as innocent purchasers. It is to be noted that the McLeod deed was promptly recorded and plaintiffs in error acquired their interest subsequent to the record of the deed.

Esma Ferguson inherited from her father, Sam Williams, an undivided 1/14th interest in the property involved herein. Expressed in another way, 10.13 acres. On this branch of the case the controversy is further narrowed in that all parties concede the validity of the deed by Esma Ferguson dated January 23, 1931 to R. A. Satterfield conveying 5.325 acres, leaving in dispute 7.5975 royalty acres. Here, as in the case of Naoma Williams' interest, the controversy hinges around the construction of a deed. The following are the essential parts of such deed, omitting caption, metes and bounds description and acknowledgment:

"That we, Othella Ferguson and wife, Esma Ferguson, of the County of Rusk, State of Texas, have and by these presents do grant, bargain, sell, convey, set over and assign and deliver unto B. F. Carroll, the following, to-wit:

"1/112 (one hundred twelfth) interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in —— County, Texas, to-wit: * * *

"Together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals and removing the same therefrom.

"And said above described lands being now under an oil and gas lease originally executed in favor of Humble Oil Ref. Co. and now held by them, it is understood and agreed that this sale is made subject to the said lease, but covers and includes 1/12 of all of the oil royalty and gas rental or royalty due and to be paid under the terms of said lease.

"It is understood and agreed that none of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said B. F. Carroll, and in the event that the said above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interest and all future rentals on said land for oil, gas and other minerals privileges shall be owned jointly by B. F. Carroll et al., and —— each owning their proportionate interest in all oil, gas and other minerals in and upon said land, together with like interest in all future rents.

"This sale is made for and in consideration of the sum of Ten Dollars and other valuable considerations Dollars cash in hand paid, the receipt of which is hereby acknowledged.

"To have and to hold the above described property together with all and singular the rights and appurtenances thereto in anywise belonging unto the said B. F. Carroll, his heirs and assigns forever, and —— do hereby bind ourselves, heirs, executors and administrators to warrant and forever defend all and singular the said

property unto the said B. F. Carroll, his heirs and assigns forever against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands this the 29th day of January, A. D. 1931.

"Othella Ferguson
"Esma Ferguson"

If this deed, which was duly recorded January 31, 1931, conveys to the grantee all of the interest of Esma Ferguson, unless it be cancelled or reformed, the case is ended in favor of defendants in error Will Thompson and W. L. Derden Estate. Plaintiffs in error claim under deeds subsequent to the execution, delivery and recording of the above copied deed. Much of what has been said in regard to the Naoma Williams' deed applies to the construction of the deed in question. Esma Ferguson's interest in the ⅛ royalty was 1/14th thereof, which equals 1/112th interest in the entire royalty interest reserved in the lease. Likewise, there was vested in Esma Ferguson an undivided interest in the reversion as to the 7/8ths working interest. Part of these interests she had conveyed away by the Satterfield deed. The paragraph alleged by plaintiffs in error to cause a conflict in the terms of the deed is the one stating in substance that the interest conveyed is the royalty interest and "includes 1/12th of all of the oil royalty and gas rental or royalty due and to be paid under the terms of said lease." Plaintiffs in error, as we understand their contention, seek to construe the fractional interest in said paragraph as referring to a fractional interest in the fractional interest grantor had in the royalty interest. There are no such words used in the paragraph. In truth and in fact, in plain and unmistakable language it sold all interest, instead of "payable to me."

■ If such words were imported unto the deed, it would amount to a reformation thereof by construction. Carter Bros. v. Ewer, supra. A construction of this character would violate the statutes of fraud. See Art. 1288, R.S. 1925.

■ It is further contended that we should construe the 1/12th in this paragraph to read 1/112th in order to make the same harmonious with the 1/112th interest recited in the granting clause. This we cannot do. Art. 1288, R.S. 1925; Carter Bros. v. Ewer, supra.

■ It seems to us that construing the paragraph in connection with the granting clause that it renders it unmistakable that the 1/112th interest mentioned in the granting clause is the royalty interest and the entire royalty interest owned by the grantor. It is true that the entire royalty interest was not vested in the grantor, she having conveyed part of that in the Satterfield deed. 1/12th includes 1/14th. To the extent of grantor's interest the deed was effective. This construction seems to us to harmonize all parts of the deed. Under such construction there is no conflict between the granting clause and the quoted portion of the deed. If this statement be not strictly correct, it limits the interest conveyed to that stated in the granting clause. We adopt the construction that the deed conveyed all the interest in the royalty vested in Esma Ferguson on the date of the deed.

■ We come now to the question as to the reformation of the deed on the ground of mistake. There can be no question but that all rights in this respect that plaintiffs in error have are derivative from Esma Ferguson. In order to reform the deed it was incumbent on the plaintiffs to show what property was agreed to be conveyed, and that there was a material mistake made by the parties in expressing this intention in the deed. Sun Oil Co. v. Bennett, supra. The trial court found against the plaintiffs in error on this issue. If there was evidence to sustain this finding all parties are bound thereby. The burden was upon plaintiffs in error to establish such mistake and the real intent of the parties.

■ The deed in and of itself is strong evidence that it represented the true intent of the parties. There is no evidence of fraud or overreaching in procuring this deed. Grantee Carroll said that he did not think he was to get all of the interest of Esma Ferguson under the deed. It does not appear that he knew what her interest was at the time. Witness further said that he supposed there was some miscalculation as to the 1/12th interest appearing in the deed. Perhaps there was. It might have been that it was intended that 1/12th read 1/14th. Esma Ferguson and her husband testified as to what they intended to convey. Their testimony was on the whole rather vague and indefinite. A careful consideration of all of the evidence on this point leads to the conclusion that the im-

plied finding of the trial court that the evidence was insufficient to justify the reformation of this deed as sought was the proper disposition of the issue. In any event, it is clear to us that we would not be justified in setting same aside.

The judgment is affirmed.