COOK et al. v. YOUNG et al.

No. 15515.

Court of Civil Appeals of Texas.

Fort Worth.

May 21, 1954.

Rehearing Denied June 18, 1954.

458

Carter, Gallagher, Roberts, Jones & Magee, and Ben T. Warder, Jr., Dallas, for appellants.

Frank Cusack, Dallas, for appellees.

BOYD, Justice.

Appellees James T. Young and Milton J. Stray filed this suit against appellants Mary Francis Cook, a widow, Charles H. Cook, Marshall Cook, Samuel Leslie Cook, William Raymond Cook, Oliver G. Cook, Mittie Cook Parks, a feme sole, and Blanche Ruby Cook Threadgill and her husband, Walter Threadgill, seeking specific performance of an option to purchase clause in a lease contract executed by appellants to A. A. Burleson, who assigned such contract to appellees. Appellees' motion for summary judgment was granted, and appeal was perfected.

The first point is that the court erred in granting the summary judgment because the description of the property to be conveyed was vague, indefinite, and ambiguous, and was therefore insufficient to meet the requirement of the statute of frauds.

In the first paragraph of the instrument the leased property was described as "The premises known as 3704 Singleton Blvd., Dallas County, Texas, being more particularly described as the west 50' of Lot 6, all of Lots 7 and 8 in Block C of Gray's Addition according to the map and plat

thereof recorded in the County Clerk's office in Dallas County, Texas." Paragraph thirteen of the instrument is in part as follows: "It is further provided that the parties of the second part are hereby given the privilege of purchasing the following described premises which includes the subject matter more particularly described in the first paragraph of this instrument for lease, option to lease and option to purchase and in addition thereto the following: All that certain lot, tract and parcel of land lying and being situated in the County of Dallas, State of Texas and known as Lots No. 5 and 6, Block C in Gray's Addition to the City of Dallas, according to plat of said addition filed in Book 1, Page 459 Plat Records of Dallas County, Texas, together with all buildings belonging thereto and situated upon same."

Our statute of frauds, Article 3995, R.C.S., provides: "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year; * * *."

■ The proper construction of the statute is that it requires the description of the land to be so definite and certain upon the face of the instrument itself, or in some other writing therein referred to, that it can be identified with reasonable certainty. Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980; W. T. Carter & Bro. v. Ewers, 133 Tex. 616, 131 S.W.2d 86, 123 A.L.R. 908; Continental Supply Co. v. Missouri, K. & T. R. Co., Tex.Com.App., 268 S.W. 444; Paschal v. Hart, Tex.Civ.App., 105 S.W.2d 337. If the description, or the key thereto, is not found in the language of the contract, the reception of parol evidence to supply the omission would expose the contract "to all the evils which the statute was intended to remedy." Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 626, 118 A. L.R. 1505.

■ The description in the option agreement does not appear to be so vague, indefinite, or ambiguous as to render the contract unenforceable. While somewhat ineptly drawn, we think the writing describes the property to be conveyed with sufficient certainty to identify it. Appellants say that Lots 5 and 6 in Gray's Addition could not include the leased premises described in the first paragraph of the instrument. That proposition is self-evident. But we do not think the writing means that. The option covers "* * *, the following described premises which includes the subject matter more particularly described in the first paragraph of this instrument * * * and in addition thereto the following: All that certain lot, tract and parcel of land * * * known as Lots No. 5 and 6, Block C in Gray's Addition to the City of Dallas, * * *." It appears that the parties meant that the property to be conveyed included the premises described in the first paragraph, and in addition to that, it included Lots 5 and 6. The fact that the west fifty feet of Lot 6 was covered by the lease and all of Lot 6 was covered by the option does not render the description ambiguous.

■■ By another point appellants urge that there was a fact question as to whether they acknowledged the execution of the contract before a notary public. Appellees alleged that appellants acknowledged the instrument before R. O. Flowers, a notary public, and it carries a certificate from Flowers to that effect. Appellants' unsworn answer and verified response to requests for admissions deny the fact of the acknowledgment. No answer was filed to the motion for summary judgment, and appellees counter that if it were necessary for the instrument to be acknowledged, the truth of the Notary's certificate was not properly put in issue. We do not determine the point, because we think it is not essential to the enforceability of a contract to convey real estate that its execution be acknowledged. Under the statute of frauds, the agreement or memorandum may be embodied in a letter or telegram, or a series of letters or telegrams. McKy

v. Walker, Tex.Civ.App., 293 S.W. 921; Burris v. Hastert, Tex.Civ.App., 191 S.W.2d 811. A writing in the form of a receipt has been held sufficient. Mondragon v. Mondragon, Tex.Civ.App., 239 S.W. 650.

■ Another point is that the lease provided that appellees were to pay all water, gas and other utility bills accruing on the leased property, and that a question of fact existed as to whether those terms of the contract had been complied with. While we find such a provision in the lease contract, we do not find it in that part of the instrument containing the option to purchase. The option is unconditionally granted and there is no requirement creating any condition precedent or otherwise limiting the right to exercise the option. This point is overruled.

Appellants' last point is that it was error to grant the summary judgment because a fact question existed as to whether the property in question constituted the homestead of appellants at the time of the execution of the lease and option contract and at the time of the institution of the suit. Appellants alleged that they owned undivided interests in the property and that at the time the contract was executed and at the time of the trial the same constituted the homestead of Mary Francis Cook, Marshall Cook and wife, Blanche Ruby Cook Threadgill and husband, William Raymond Cook and wife, and Charles H. Cook and wife, and at the time of the execution of the contract, it was the homestead of Oliver G. Cook and wife. It was admitted that Mary Francis Cook is the widow of W. T. Cook, and each of the other appellants, except Walter Threadgill, are the children of W. T. Cook and Mary Francis Cook; that W. T. Cook died intestate more than four years before the contract was made, and left no surviving child or descendants of deceased children, except the named appellants; that W. T. Cook, at the time of his death, was the owner of the property involved; that before and at the time of his death W. T. Cook and Mary Francis Cook were living on the property and claiming it as their homestead; that since the death of W. T. Cook there has been no partition or division of the property; that at the time of the execution of the lease and option contract and at all times since the death of W. T. Cook, Mary Francis Cook has lived upon and claimed the property as her homestead; that Mary Francis Cook is now, and was at the time of the execution of the lease and option contract, a widow, and that all of the other appellants were of lawful age at the time of the execution of the lease and option contract.

■ The property having passed in accordance with the laws of descent and distribution, and the survivor of the marriage having at all times occupied the property as her homestead, the possessory right was in her, and the other appellants, although being owners of the interest of their father, have now no possessory right; and the fact that they lived on the land with their mother is insufficient to establish that character of possession necessary to found a claim of homestead. Greenawalt v. Cunningham, Tex.Civ.App., 107 S.W.2d 1099; Johnson v. Prosper State Bank, Tex.Civ.App., 125 S.W.2d 707, affirmed 134 Tex. 677, 138 S.W.2d 1117; Massillon Engine & Thresher Co. v. Barrow, Tex.Com.App., 231 S.W. 368; Rettig v. Houston West End Realty Co., Tex.Com.App., 254 S.W. 765.

■ Appellant Mary Francis Cook, after the death of her husband, and irrespective of whether she may be said to have the status of the head of a family, was fully vested with a homestead right in the premises so long as she chose to keep it. But she was sui juris and had the capacity to divest herself of her homestead claim; and the existence of that claim and right did not render unenforceable her agreement to sell her interest, and is not available as a defense against a suit for specific performance of her voluntary contract to convey.

Finding no error, the judgment is affirmed.