**Robert ELLETT and Charles H. Avery, Jr., Co-Executors of the Estate of H.H. Coffield, et al., Appellants,**

v.

**Martha LIEDTKE, et al., Appellees.**

**No. B14–83–567CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 1984.

Rehearing Denied April 26, 1984.

Martin M. Hokanson, Hofheinz, Harpold, McDonald & Fitzgerald, Houston, for appellants.

Ron V. Berkowitz, The Carlton Firm, Bruce W. Claycombe, Stroud & Smith, Dallas, for appellees.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ROBERTSON, Justice.

This appeal involves the legal effect of recitals in a deed. A motion for summary judgment was filed by both plaintiffs and defendants. The trial court granted plaintiffs' motion and this appeal followed. We reverse.

The controversy involves the ownership of a one-fourth perpetual non-participating royalty interest in an 86 acre tract of land in Burleson County. A.S. Crow is the common source of title. On October 7, 1921 he executed a deed to W.T. Macy granting

... that certain one-half of an undivided interest in that tract or parcel of land situated in Burleson County, Texas containing 86 acres, more or less, and more particularly described as follows: ...

On November 27, 1929 Crow executed a quitclaim deed covering the same property in favor of H.H. Coffield. On the same day Macy executed a quitclaim deed covering the same property in favor of Coffield. In this quitclaim deed, Macy reserved unto himself, his heirs and assigns "one-fourth of the royalty from gas, oil or other minerals" produced on said land. Appellees, the heirs of Macy, have assumed any rights that Macy reserved under this term of the quitclaim deed.

We find the case of *W.T. Carter & Bro. v. Ewers*, 133 Tex. 616, 131 S.W.2d 86 (Tex. Com.App.1939, opinion adopted) to be con-

2. *See* footnote 1.

trolling in the matter before us. In that case the deed in question read:

an undivided interest in and to a subdivision of 200 acres of a survey in the name of Swing, situated in the County of Polk, State of Texas.

The court held the deed to be void for uncertainty of the description of the interest purported to be conveyed by the grantors. The court further remarked that

[t]he description of the 200-acre subdivision is such that if the deed had purported to convey the subdivision itself rather than 'an undivided interest' therein, the instrument would not fail as a conveyance on account of uncertainty of description ....

*Id.* at 87. Although the deed before us reads "that certain one-half of an undivided interest," the one-half does nothing to cure the defect; the problem is the use of the uncertain phrase "an undivided interest." One-half of an undivided interest is just as uncertain as an undivided interest. Appellees cite cases enumerating general subsidiary rules of construction which are not applicable to the case before us. The rule we must apply is discussed in a case cited in appellees' brief: *Davis v. Andrews*, 361 S.W.2d 419, 423 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.).

Again, it has been said that the intention as expressed in the deed must be given effect, regardless of the intention that the parties had intended to express but that they failed to express. If there is no ambiguity in a deed, the instrument will be enforced as written, even though it does not express the original intention of the parties.

We have a deed in which the words and phrases of the document themselves are indeterminative. To save this deed we would have to presume "an undivided interest" meant "our undivided interest" or "all of our undivided interest." That this cannot be done is made clear in *W.T. Carter & Bro. v. Ewers*, 131 S.W.2d 86, at 88; and *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699, 701–702 (1951).

Relying heavily on *Greene v. White*, 137 Tex. 361, 153 S.W.2d 575 (1941), appellees argue that even if Macy acquired no interest in the subject property from Crow, the Macy-Coffield deed is sufficient to reserve one-fourth of the royalty to Macy and his heirs since "the parties to a deed, just like the parties to a contract, are bound by the terms of the deed." While this proposition is discussed extensively by the commissioner who authored the opinion for the supreme court, it means little, if anything, in view of the final holding, dictated by the court.

The Court's opinion is that if at the time the Greene-Garrett deed was executed Alex and Mandy Garrett had acquired title to the land by limitation, the deed was not effective to convey anything, and that, in so far as Alex Garrett's interest in the land was concerned, the Greene-Garrett deed did not have the effect of reserving the minerals to Greene either at the time of its execution or upon its ratification by Mandy Garrett.

*Id.* 153 S.W.2d at 587. Since we have held the Crow-Macy deed conveyed nothing due to its uncertainty, it follows that Macy, after the supposed conveyance, had no interest in the property which he could reserve or convey. Appellants' first point of error is sustained; the trial court erred in granting appellees' summary judgment.

Pursuant to Rule 434, TEX.R.CIV.P., we reverse the trial court's judgment and render the judgment the trial court should have rendered. Therefore judgment shall be entered providing that the Crow-Macy Deed is void, that appellees Martha Liedtke, et al, have no interest in the above described property and that they take nothing by their suit and that appellants Robert Ellett and Charles Avery, Jr., Co-Executors of the Estate of H.H. Coffield, et al, are entitled to all the money presently being held in the registry of the court including all interest thereon as the owners of the one-fourth royalty interest in dispute. It is so ordered.