The **EXPLORATION COMPANY,**
Appellant,

v.

**VEGA OIL & GAS COMPANY,**
Appellee.

No. B14–92–00017–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 22, 1992.

Rehearing Denied Dec. 17, 1992.

M. Frank Russell, San Antonio, for appellant.

David Gibson, Beverly Barragan, Dallas, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a summary judgment in a declaratory judgment action alleging that certain oil and gas leases were renewals and extensions of prior leases, entitling appellant to an overriding royalty interest in the current leases. In two points of error, appellant claims that the trial court erred in granting appellee's motion for summary judgment and in awarding attorney's fees to appellee. We affirm.

This suit concerned three oil and gas leases from Lewis B. Davenport et ux, Charles V. Thompson et ux, and Erwin Winkelmann et ux. These leases, among others, were assigned to AAA Operating Company ["AAA"] on June 14, 1983, reserving an overriding royalty interest in favor of Retamco Properties, Inc., prede-cessor-in-interest to appellant, The Exploration Company. The assignment contained the following language:

> The overriding royalty interest herein reserved shall be binding upon and encumber all extensions and renewals of any of said leases hereafter secured by assignee, its successors or assigns.

At some point, AAA assigned portions of the leases to its president, R.C. Wynn, and Retamco assigned the overriding royalty interest to appellant on April 1, 1985. Between October, 1983, and January, 1984, AAA and/or Wynn, pooled these leases with others to form four units with a completed well on each. However, in its summary judgment proof, appellee, Vega Oil & Gas Company, submitted affidavits of non-production from the mineral owners stating that no production had been obtained from the mineral estates since at least January, 1988. Between April and June, 1989, appellee acquired new oil and gas leases from the respective mineral owners covering the same minerals as the old leases.

AAA and Wynn both filed for bankruptcy protection. With the bankruptcy court's approval, the trustees of the bankruptcy estates executed and delivered to appellee an Assignment, Conveyance and Bill of Sale, effective February 15, 1990, covering, among other interests, the old leases, pooled units and wells. The assignment was made in settlement of litigation between appellee and AAA and Wynn and contained the following language:

> [N]o warranty of title is made or given with respect to any properties which have expired or reverted due to lack of production of oil or gas....

Appellee moved for summary judgment, appellant responded, and after hearing, the trial court granted appellee's motion. Appellant claims its counsel made an oral motion for summary judgment at the hearing. However, any attempted oral motion or motion after the hearing was ineffective because the rules of civil procedure require that a motion for summary judgment be *filed and served* at least twenty-one days *before* the hearing. TEX.R.CIV.P. 166a(c).

Consequently, only the granting of appellee's summary judgment is before this court.

In its first point of error, appellant alleges that the trial court erred in granting appellee's motion for summary judgment because the undisputed facts establish as a matter of law that appellant is entitled to its overriding royalty interest. Appellant claims that it is entitled to an overriding royalty interest to be paid from the production from the new leases because the new leases were actually in renewal and extension of the original leases and thereby covered by the assignment's language making the overriding royalty binding on renewals. Appellant also claims that appellee is an assignee of AAA and as such has assumed an alleged fiduciary obligation owed by AAA. We find these claims to be without merit.

The standard of review for summary judgments is well established. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing the grant of a summary judgment, we must accept as true appellant's version of the evidence and must make every reasonable inference in its favor. *Nixon*, 690 S.W.2d at 549. This court must not consider evidence favoring the movant's position unless the evidence is uncontroverted. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

Once the movant has established a right to a summary judgment, the burden shifts to the non-movant. The non-movant must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

■ In this case, the summary judgment proof established that the three old leases contained the standard "production in paying quantities" provision, as follows:

[T]his lease shall remain in force for a term of Three (3) years from the date hereof ... and so long thereafter as operations ... are conducted upon said land with no cessation for more than ninety (90) consecutive days.

Appellee supplied affidavits of non-production from the mineral estate owners showing that there was no production or other operations on the leased premised from at least January, 1988. Appellee also furnished copies of reports from the Texas Railroad Commission to substantiate its claims. Appellant did not controvert this proof.

A total cessation of production for the number of consecutive days provided in the lease automatically terminates the lease. *See Samano v. Sun Oil Co.*, 621 S.W.2d 580, 584 (Tex.1981); *Bachler v. Rosenthal*, 798 S.W.2d 646, 650 (Tex.App.—Austin 1990, writ denied). Therefore, appellee established as a matter of law that the old leases had expired by April, 1988, due to non-production and failure to commence operations for more than ninety days.

Because the leasehold estate under the old leases expired, appellant's overriding royalty interest reserved in the old leases also expired. *See Sunac Petroleum Corp. v. Parkes*, 416 S.W.2d 798, 804 (Tex.1967). The new leases were not acquired until at least a year after the old leases had expired. In a similar case, the Houston First Court of Appeals rejected a claim that a new lease was actually a renewal and extension, binding the new lessee to honor an overriding royalty interest. *McCormick v. Krueger*, 593 S.W.2d 729 (Tex.Civ.App.— Houston [1st Dist.] 1979, writ ref'd n.r.e.). Despite language extending the overriding royalty to all renewals and extensions and to new leases taken on the same land within one year of the expiration of the existing lease, the court found that the overriding royalty had been extinguished with the expiration of the prior lease and held that lessee was not obligated to honor the overriding royalty interest reserved under the farmout agreement. *Id.* at 731.

In *Sunac Petroleum Corp. v. Parkes*, the Texas Supreme Court held that a new

lease is not a "renewal or extension" if the new lease was entered into after the old lease had already expired, new consideration exists to support the new lease, the new lease was executed under different circumstances, and the new lease contains different terms. *Sunac*, 416 S.W.2d at 803. As shown by the summary judgment proof, not only were the new leases executed more than one year after the expiration of the old leases, they contain different terms. For example, the primary term of the old leases was five years while the new leases have a three year primary term, and the "continuous operations" clauses of the leases are different.

Additionally, the leases are between different parties. Appellee was not a party to the original leases or any assignment of those leases. Any assignment to appellee from the bankruptcy trustees occurred after the old leases had expired and the new leases had already been acquired. Consequently, the assignment to appellee did not convey title to the leases to appellee. The transfer was ineffective because appellee had already acquired its leasehold title to the same mineral estates. *See Greene v. White*, 137 Tex. 361, 153 S.W.2d 575, 587 (1941); *Ellett v. Liedtke*, 668 S.W.2d 880, 881 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Therefore, we conclude that appellee is not an assignee of AAA and the new leases are not in renewal or extension of the old leases.

As additional support for its position, appellant urges that a constructive trust should be imposed because a fiduciary relationship exists between appellant and appellee. Appellant contends that a renewal and extension clause automatically imposes a fiduciary obligation on the lessee unless there is language in the lease, or in this case, the assignment, specifically negating it. Appellant argues that, not only is there no language in the assignment abrogating a fiduciary duty, its position is strengthened by the language in the AAA assignment requiring notice to the overriding royalty interest owner before termination of the leases, as follows:

> At least ninety (90) days prior to (i) releasing any of said leases or any portion thereof, or (ii) allowing any of said leases or any portion thereof to terminate by reason of failure to pay delay rentals or otherwise, [AAA] shall notify [RPI] of its intention to do so, and [RPI] shall have the right to request a re-assignment from [AAA] of any such lease or portion thereof.

Appellant cites no authority from this jurisdiction to support its position. The mere assignment of an oil and gas lease reserving an overriding royalty interest does not in itself create a confidential or fiduciary relationship between the assignor and assignee. If such a relationship is created, it must be by the terms of the assignment or by other acts of the parties. *Sunac*, 416 S.W.2d at 804; *Grimes v. Walsh & Watts, Inc.*, 649 S.W.2d 724, 728 (Tex.App.—El Paso 1983, writ ref'd n.r.e.). We find that the above quoted language is not sufficient to impose a fiduciary obligation on the assignee.

The Texas Supreme Court declined to impose a fiduciary relationship between the lessee and the overriding royalty interest owner based on the renewal and extension clause contained in the assignment in the *Sunac* case. The court noted that its decision was strengthened by language in the lease negating the lessee's obligation to keep the lease in effect. *Sunac*, 416 S.W.2d at 804. Merely because this language is *not* in the lease in this case does not mean that a fiduciary relationship exists.

In *Consolidated Gas & Equip. Co. v. Thompson*, the Texas Supreme Court noted that a constructive trust arises if the evidence establishes "a fiduciary relationship before, and apart from, the agreement made the basis of the suit." *Consolidated Gas & Equip. Co. v. Thompson*, 405 S.W.2d 333, 336 (Tex.1966). Other than the typical cases of fiduciary relationship, such as attorney-client, partners, close family relationships, and joint adventurers, a fiduciary relationships can arise if, over a long period of time, the parties have worked together in the joint acquisition and development of property before entering the

agreement sought to be enforced. *Id.* at 336–37. In *Consolidated,* the Supreme court held that the proof did not show such a relationship and refused to impose a constructive trust. *Id.* at 337. Similarly, we find no evidence of such a relationship in the summary judgment proof in this case.

 A constructive trust is an equitable remedy created by the courts to prevent unjust enrichment. To justify imposing a constructive trust, fraud, either actual or constructive, must be present. *Allen v. Allen,* 751 S.W.2d 567, 577 (Tex.App.— Houston [14th Dist.] 1988, writ denied). Appellant makes no allegations of fraud and we find no proof of fraud or appellee's bad faith present in the record before us. Even if a duty to give notice before termination were owed to appellant, in our opinion, failure to give such notice does not constitute fraud.

Appellant presented no summary judgment proof that a fiduciary relationship existed and offered no proof of a constructive trust. Appellant concedes that no fact issue exits on these or any other points and presents no binding authority for its legal arguments. Because no Texas case law expressly supports imposition of a fiduciary relationship or constructive trust under these facts, we likewise decline to do so.

Therefore, we conclude that appellee is not an assignee under the old leases; however, even if it were, it did not assume any fiduciary duty because there was no fiduciary relationship created by the renewal and extension language in the assignment. We hold that no overriding royalty interest exists in favor of appellant and a constructive trust should not be imposed. We overrule appellant's first point of error and uphold the trial court's granting of summary judgment in favor of appellee.

Appellant's second point of error contends that because the summary judgment was improper, the award of attorney's fees was also improper. Appellee properly plead for attorney's fees under article 37.09 of the Texas Civil Practices and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.01 *et seq.* (Vernon 1986) (the Texas Declaratory Judgment Act). Therefore, be-

cause we have found granting the summary judgment was proper, the award of attorney's fees was within the trial court's discretion and will not be reversed on appeal absent a clear showing of abuse. *Oake v. Collin County,* 692 S.W.2d 454, 455–56 (Tex.1985). There is nothing in the record showing an abuse of discretion. We overrule appellant's second point of error.

The summary judgment granted by the trial court is affirmed.